## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Vince Lawrence, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 22-cv-05660 |
| v. | ) | |
| | ) | Dist. Judge John J. Tharp, Jr. |
| Trax Records, Inc., et al., | ) | |
| | ) | Mag. Judge Young B. Kim |
| Defendants. | ) | |

## DEFENDANTS TRAX RECORDS, INC. AND IRENE MAYZELS BARNES A/K/A SANDYEE SHERMAN'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

**NOW COME** Defendants Trax Records, Inc. ("TRI") and Irene Mayzels Barnes a/k/a Sandyee Sherman ("SS") (TRI and SS are collectively the "Sherman Defendants"), by and through their undersigned counsel, and hereby move this Court to dismiss Plaintiffs' First Amended Complaint against them and state as follows:

## I.  INTRODUCTION

Plaintiffs' Amended Complaint ("Am. Complt.") alleges six different counts against a total of eight different Defendants.  Only three of the aforementioned counts are asserted against the Sherman Defendants: Count I – seeking a declaratory judgment concerning alleged fraud on the Copyright Office; Count II – alleging copyright infringement; and Count VIII[1] – alleging an action under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").

Plaintiffs essentially claim that they are the rightful owners of copyrights to musical works which have been registered by other parties and infringed.  However, Plaintiffs do not allege what musical works were infringed, by whom, or the how and/or when.  By Plaintiffs' own admissions, many of the Defendants named in this action had no involvement, and should not have been named

---

[1] Although titled as Count VIII, Plaintiffs' ICFA Count is the sixth and final count alleged in the Am. Complt.

as defendants, but rather than figuring out who the right parties are, Plaintiffs have simply lumped together every party it thinks could have done something into one group of defendants, and made allegations devoid of even the most basic well pleaded facts. As a result, each of the Counts alleged against the Sherman Defendants should be dismissed. Further, while the generalized group allegations do not satisfy any pleading standard, they certainly do not satisfy the heightened Rule 9(b) pleading standard applicable to Counts I and VIII here.

Additionally, Counts I and VIII are preempted by the Copyright Act, and Count VIII must also be dismissed because Defendants have not alleged they are consumers or that they satisfy the Consumer Nexus Test, which is necessary to state a claim under the ICFA. For each of these reasons, as set forth more fully below, Plaintiffs' claims against the Sherman Defendants should be dismissed.

## II. LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. To satisfy the minimum pleading requirements needed to survive a 12(b)(6) challenge, the complaint must contain factual matter sufficient to state a claim that is plausible on its face. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013). The court may consider the pleadings alone, including the complaint, the answer, and any documents attached thereto. *Mohammed v. WestCare Found., Inc.*, 2019 WL 296563 at *2 (N.D. Ill. Jan. 23, 2019). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in a plaintiff's complaint, and draws all reasonable inferences in his *favor. Id.* Further, although the court must accept well-pleaded factual allegations as true, bald assertions and conclusions of law will not enable a complaint to survive a motion under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009).

Federal rules also require that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To meet this particularity requirement, plaintiffs must plead the "who, what, when, where, and how" of the alleged fraud. *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761

F.3d 732, 737 (7th Cir. 2014). Specifically, the complaint must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Id.* (internal quotations omitted).

## III. ARGUMENT

### a. <u>Plaintiffs Fail to Satisfy the Pleading Requirement of Rule 9(b).</u>

#### i. Count I should be dismissed for failure to satisfy the pleading requirements of Rule 9(b).

To plead a claim for fraud on the Copyright Office, a plaintiff must allege that "the copyright applicant knowingly failed to disclose certain information to the Copyright Office with the intent to defraud that office and that the Copyright Office would have probably denied the application if it had been made aware of the undisclosed information." *Lambert v. Pem-Am., Inc.*, 2004 WL 422636 at *6 (N.D. Ill. Feb. 12, 2004). A claim for fraud on the copyright office must satisfy the heightened pleading requirements of Rule 9(b), which Plaintiffs have failed to do. *Heard v. Trax Recs., Inc.,* 2021 WL 3077668 at *3 (N.D. Ill. July 21, 2021) ("Fraud on the copyright office claims are subject to the heightened pleading requirements of Rule 9(b)."); *O.T. Pickell Builders, Inc. v. Witowski*, No. 96 C 4233, 1998 WL 664949 (N.D. Ill. Sept. 16, 1998) (holding that Federal Rule 9(b) should apply to a claim of fraud on the Copyright Office); *Kaseberg v. Conaco, LLC*, 360 F. Supp. 3d 1026, 1032 (S.D. Cal. 2018) ("As with all allegations of fraud, claims of fraud on the Copyright Office must be pled with particularity pursuant to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure."); *Metropolitan Regional Info. Sys v. Am. Home Realty Network, Inc.*, 948 F. Supp. 2d 538, 558 (D. Md. 2013) (same).

"Rule 9(b) specifically requires that Plaintiffs do more than merely describe the basic parameters of a fraudulent scheme; instead, Plaintiffs effectively must allege "who, what, when, where, and how." *Leaf, Inc. v. Burdeen*, No. 95 C 5959, 1996 WL 89070 at *6 (N.D. Ill. Feb. 28, 1996). Because

fair notice is "[p]erhaps the most basic consideration" underlying Rule 9(b), the plaintiff who pleads fraud must "reasonably notify the defendants of their purported role in the scheme." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777-78 (7th Cir. 1994). Therefore, in cases involving multiple Defendants, such as there are here, "the complaint should inform *each defendant* of the nature of his alleged participation in the fraud." *Id.* (emphasis added); *Balabanos v. North Am. Inv. Group, Ltd.*, 708 F.Supp. 1488, 1493 (N.D.Ill.1988) (stating that in cases involving multiple defendants "the complaint should inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant").

The allegations of the Complaint are insufficient to meet the particularity requirements of Rule 9(b), and Count I should be dismissed for each of the reasons set forth below. First, Plaintiffs have failed to allege the "who, what, when, where, and how" of the alleged fraud. Plaintiffs' only allege that "[t]he Defendants knowingly submitted materially false information to the Copyright Office by claiming ownership in Plaintiffs' compositions and sound recordings. Am. Complt. at ¶ 73. Such boilerplate allegations hardly satisfy the requirements of 9(b). At no point do Plaintiffs identify which of eight named Defendants did this. Nor do Plaintiffs allege what false information was provided to the Copyright Office. Equally absent is allegations of when, where, and how this false information was provided. For this reason alone, Count I should be dismissed.

Count I should also be dismissed because Plaintiffs have failed to inform each Defendant of the nature of their alleged participation in the fraud. Plaintiffs allege that "Trax Records" was issued fraudulent copyrights. *See id.* at ¶¶ 74-76. Plaintiffs have done nothing more than find every entity in existence with a variation of Trax Records in its name and lumped them all together. By Plaintiffs' own admission, only one of the various named Defendants is the actual responsible party. *Id.* at ¶ 74 ("Upon information and belief, the 'Trax Records' indicated in the Trax copyright registrations is Trax, Inc., Trax, Ltd., or one of the other Defendants, which are now owned or at that time were owned

and controlled by Sherman and/or Cain."). Plaintiffs do not satisfy the standards of 9(b), much less any pleading standard, by making such group pleadings.

Finally, Count I should be dismissed in regards to SS, as Plaintiffs do not allege any facts to support the inclusion of SS, personally, in the alleged fraud on the Copyright Office. The facts alleged only state that "Trax Records" was issued Copyright Registrations for the same copyrights in Plaintiffs' Works. *Id.* The Complaint only alleges that SS was married to Larry Sherman, and may now own an interest in one of the Defendants, which may or may not be liable. *Id.* at ¶ 61, 74. Count I does not allege any factual allegations that SS was involved in the business operations at Trax Records or any particular facts to tie SS to a claim of alleged fraud. Nor do Defendants allege any allegations necessary to pierce the corporate veil. The allegations contain no details identifying any role SS allegedly played in the "fraud" merely alluded to in Count I, thus Court I should be dismissed specifically as to SS for this reason too. *See Northbound Grp., Inc. v. Norvax, Inc.*, No. 11 C 6131, 2012 WL 394336 at *6 (N.D. Ill. Feb. 6, 2012) ("The complaint does not allege any role by Leadbot LLC in committing this alleged fraud. Thus, the fraud count cannot be maintained against defendant Leadbot.").

### ii. Count VIII should be dismissed for failure to satisfy the pleading requirements of Rule 9(b).

To state a claim under the ICFA, a plaintiff must allege "with particularity": "(1) a deceptive act or unfair practice occurred, (2) the defendant intended for plaintiff to rely on the deception, (3) the deception occurred in the course of conduct involving trade or commerce, (4) the plaintiff sustained actual damages, and (5) such damages were proximately caused by the defendant's deception." *Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989, 1005 (N.D. Ill. 2017), *quoting*, *Dubey v. Public Storage, Inc.*, 918 N.E.2d 265, 277 (2009); *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898 (N.D. Ill. 2012) ("an ICFA action must be pled with particularity.").

5

Where, as here, a complaint alleges consumer fraud, the allegations "must be pled with the same particularity and specificity as that required under common law fraud." *Spector v. Mondelez Int'l, Inc.,* 178 F. Supp. 3d 657, 664 (N.D. Ill. 2016) (internal citations omitted); *see also Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732 (7th Cir. 2014) ("Since [Plaintiff]'s claim was of fraud under the ICFA, the sufficiency of his complaint is analyzed under the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b)"). In other words, Plaintiffs must sufficiently plead the "who, what, when, where, and how" of the alleged fraud. *Id.* at 671; *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 338 (7th Cir. 2019).

Plaintiffs' allegations consist almost entirely of legal conclusions and fail to identify the who, what, when, where, and how that forms the basis for their claim. Rather, Plaintiffs merely allege, in a conclusory manner, that "Defendants have committed deceptive acts or practices, including…selling and distributing to the public from their offices in Chicago, Illinois, physical and digital sound recordings…under the representation that they owned and controlled such works." Am. Complt. at ¶ 125. These allegations provide none of the required detail, such as identifying *with particularity* who engaged in what *specific* selling and distributions, the full nature of the transactions, the parties in the transactions, or when such alleged deceptive acts occurred. *See, McKee v. Pope Ballard Shepard & Fowle, Ltd.,* 604 F. Supp. 927, 930 (N.D. Ill. 1985) (internal citations omitted) ("a plaintiff pleading fraud must specify the time, place and contents of any alleged false representations, and the full nature of the transaction."); *PropertyThree Tech. Grp., Inc. v. Apartment Hunters, Inc.,* 2008 WL 11374380 at *5 (S.D. Ind. May 20, 2008) (finding that pleading requirements were not met and granting motion to dismiss where complaint did "not state who made this implied representation, what part of the membership agreement gave rise to the implied representation, when this alleged misrepresentation occurred, or where it occurred."). In fact, in previous litigation involving some of the parties to this case, that court dismissed an ICFA count for failure to satisfy the pleading requirements of Rule 9(b) based on

allegations nearly identical to those here. *See, Heard v. Trax Recs., Inc.*, 2021 WL 3077668 (N.D. Ill. July 21, 2021) (dismissing ICFA count under Rule 9(b) where complaint alleged that Defendants violated the IFCA by "selling and distributing to the public from their offices in Chicago, Illinois, physical recordings and digital distribution (through streaming services or otherwise) of the Recordings under the representation that they owned and controlled such works, while using the enormous goodwill and brand identifications of Heard and/or Owens" because the allegations fell short of establishing the "who, what, when, where, and how" of the fraud or misrepresentation).

Furthermore, not only do Plaintiffs fail to state their allegations with the required specificity, but they also impermissibly group all of the Defendants together in their allegations. The identity of those making the misrepresentations is crucial. Courts have been quick to reject pleadings in which multiple defendants are 'lumped together.'" *See McKee*, 604 F. Supp. at 931; *see also*, *Rocha v. Rudd*, 826 F.3d 905 (7th Cir. 2016) ("because fair notice is the most basic consideration underlying Rule 9(b), in a case involving multiple defendants, the complaint should inform each defendant of the nature of his alleged participation in the fraud."). Plaintiffs' allegations again merely lump Defendants together and does not inform each Defendant of the nature of their participation in the fraud. *See* Am. Complt. ¶ 125 ("Defendants have committed deceptive acts or practices"); *id.* at ¶ 127 ("Defendants intended that the public rely on these deceptions"); *id.* at ¶ 128 ("Defendants' deceptive acts or practices occurred"); *id.* at ¶ 129 ("Defendants' deceptive acts or practices have proximately caused"). Accordingly, Plaintiffs have failed to plead with particularity facts in Count VIII against TRI and SS as required by Rule 9(b) and this Court should dismiss Plaintiffs' ICFA claim.

**b.  Count I and VIII are Preempted by the Copyright Act and Should be Dismissed.**

**i.  Count I should be dismissed as it is Preempted by the Copyright Act.**

The Copyright Act preempts "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106" and are "in a tangible

medium of expression and come within the subject matter of copyright as specified by sections 102 and 103." 17 U.S.C. § 301(a). To avoid preemption, a state law must regulate conduct that is "qualitatively distinguishable from that governed by federal copyright law." *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 910 (7th Cir. 2005).

The Seventh Circuit has held that a fraud claim is a "disguised copyright infringement claim" if "the sole basis of the fraud claim is that a defendant represented materials as his own." *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 502 (7th Cir. 2011). Here, Plaintiffs' fraud claim is based entirely on allegations that Defendants purportedly made false representations to the Copyright Office by "claiming ownership in Plaintiff's compositions and sound recordings." Am. Complt. at ¶ 73. As in *Taflove*, these allegations amount to nothing more than a claim that Defendants improperly misrepresented the materials as their own, and are preempted by the Copyright Act. *Id.*; *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004) (holding that a claim that "simply seeks a declaration that [the defendant] has no rights in [the work at issue]" is preempted by the Copyright Act); *Pebble Creek Homes, LLC v. Upstream Images, LLC*, 547 F. Supp. 2d 1214, 1217 (D. Utah 2007) ("it is clear that such preemption applies where a state law claim seeks a 'declaration' that an adverse party "has no rights" in an alleged copyrighted work."); *Miller v. Hurst*, 2020 WL 3871143 at *7 (M.D. Tenn. July 9, 2020), *report and recommendation adopted as modified*, 2020 WL 5757907 (M.D. Tenn. Sept. 28, 2020) (finding claim for fraud on the Copyright Office was preempted by the Copyright Act and subject to dismissal with prejudice).

### ii. Count VIII should be dismissed as it is Preempted by the Copyright Act.

For similar reasons, Plaintiffs' Count VIII should also be dismissed. Plaintiffs' Count VIII is simply a re-characterization of Plaintiffs' earlier Count II for copyright infringement. Centrally, Plaintiffs allege that Defendants were "selling and distributing" the allegedly infringed works, yet attempts to pass this behavior off as a violation of the Illinois Consumer Fraud and Deceptive

Business Practices Act, 815 ILCS § 505/1. Am. Complt. at ¶ 125. "Distribution" is one of the exclusive rights afford to copyright owners, 17 U.S.C. § 106(3), which satisfies the second prong of the 7th Circuit's preemption test under *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663 (7th Cir. 1986).

The first prong requires that "the work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright as specified in § 102." *Chicago Style Prods., Inc. v. Chicago Sun Times, Inc.*, 728 N.E.2d 1204, 1206 (1st Dist. 2000). Plaintiffs' claims relate to purportedly musical works which would squarely fall within the aegis of copyright law. 17 U.S.C. § 102(a)(2).

Plaintiffs' attempt to modify their claims to get around preemption by alleging that Defendants misrepresented "they owned and controlled such works" also fails. "Every copyright violation inherently involves some degree of misrepresentation as to the identity of the author". *Balsamo/Olson Grp., Inc. v. Bradley Place Ltd. P'ship*, 950 F. Supp. 896, 898 (C.D. Ill. 1997) (finding claim under the Uniformed Business and Trade Practices Act preempted). "[A]n allegation of misrepresentation that is solely based in the alleged infringer's reproduction and sale of a work as its own creation does not qualitatively alter the nature of the infringement enough to remove the state claim from the preemptive scope of copyright law." *Chicago Style Prods.*, quoting, *Goes Lithography Co. v. Banta Corp.*, 26 F.Supp.2d 1042, 1048 (N.D.Ill. 1998). As a result, Count VIII is preempted under the Copyright Act and should be dismissed.

c. **Plaintiffs Fail to Plead Facts Sufficient to State a Claim for Copyright Infringement and Count II Should be Dismissed.**

To state a claim for direct copyright infringement, Plaintiffs must plead sufficient facts to plausibly suggest "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012). As a threshold matter, this Court should dismiss Plaintiffs' copyright claim because Plaintiffs fail to allege the infringement of

any specific identified works. "Plaintiff has the burden of identifying the specific works at issue in [the] pleading." *Lambertini v. Fain*, 2014 WL 4659266 at *3 (E.D.N.Y. Sept. 17, 2014). Courts routinely dismiss claims for copyright infringement that fail to allege that specific works owned by plaintiffs have been infringed by a defendant. *See e.g., Flava Works, Inc. v. Clavio*, 2012 WL 2459146 (N.D. Ill. June 27, 2012) (dismissing complaint that "merely alleges labels and conclusions, and does not include operative facts, such as identifying the actual work that is being infringed and the means of its copying and/or distribution," reasoning that the mere allegations that "Defendants downloaded copyrighted videos of Flava Works … and posted and distributed the aforesaid videos on other websites," does not provide sufficient notice); *Art of Design, Inc. v. Pontoon Boat, LLC*, 2017 WL 3608219 at *4-5 (N.D. Ind. Aug. 22, 2017) (dismissing complaint even though, "Plaintiff here has at least provided the copyright registration numbers for its designs," that did not suffice because "Plaintiff has neither identified an allegedly infringing work produced by Defendants, nor any description of how Defendants' work infringes on its own."); *Design Basics, LLC v. WK Olson Architects, Inc.*, 2018 WL 3629309 at *3 (N.D. Ill. July 31, 2018) ("Plaintiffs must do more than simply allege copying in a conclusory manner; they must provide some facts in their first amended complaint to put [defendant] on notice of the factual basis for that allegation."); *Hart v. Amazon.com, Inc.*, 2015 WL 8489973 at *4 (N.D. Ill. Dec. 8, 2015) (dismissing complaint under Rule 12(c) where "Plaintiff does not allege any factual content in support of his claims or articulate any circumstances whatsoever relating to [Defendant's] direct copying of [the works]. Instead, Plaintiff merely speculates that Amazon must have engaged in direct copyright infringement.").

Here, Plaintiffs conclusory allege that they "are the authors and owners of the copyrights in and to the Plaintiff's [sic] Works" included in their Exhibit A. Am. Complt. at ¶ 83. The extensive list of Plaintiffs' Works span a total of 87 pages and fails to include any registration numbers, nor have Plaintiffs provided any registration certificates. Plaintiffs fail to allege any facts regarding which of the

"Plaintiff's Works" are all registered with the U.S. Copyright Office as required, or showing infringement of any specific one of "Plaintiffs' Works." Rather, Plaintiffs allege that "Defendants, individually and/or collectively, copied and reproduced the *Infringed Works* in full, and distributed, sold, and/or licensed both physical and digital copies of the *Infringed Works*." *Id.* at ¶ 84 (emphasis added). This is inadequate. Significantly lacking from Plaintiffs' allegations "is any indication as to which, if not all, of the registered works identified in the [87 page] exhibit are the specific works at issue in this lawsuit. The fact that Plaintiff[s] [have] copyright protection for several of [their] works does not necessarily indicate that the copyright registrations [they] [have] procured are for the specific works that are the subject of this suit." *Lambertini v. Fain*, 2014 WL 4659266 at *3 (E.D.N.Y. Sept. 17, 2014); *See also Cole v. John Wiley & Sons, Inc.*, 2012 WL 3133520 at *12 (S.D.N.Y. Aug. 1, 2012) (granting motion to dismiss copyright claims when plaintiff provided a chart listing 66 photographs, but failed to identify which photographs were the subject of his copyright infringement claims). It is well settled that ownership of registered copyrights is a prerequisite to initiating an action for copyright infringement. *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019); *See*, *Muhammad v. Home Box Off., Inc.*, 2021 WL 3354829, at *2 (C.D. Ill. Aug. 2, 2021) quoting *Burns v. Rockwood Distrib. Co.*, 481 F. Supp. 841, 845 (N.D. Ill. 1979) ("because the Complaint "does not include a copy of the registration certificate, nor has compliance with the registration provisions of the Copyright Act otherwise been indicated," dismissal is proper.")

As in *Cole*, Plaintiffs allegations "only contains vague and expansive allegations regarding which works are the subject of Plaintiff's claims." *Id.* Plaintiffs only allege labels and conclusions such as "Plaintiffs' Works" and "Infringed Works" and do not include operative facts, such as identifying the actual works on the "comprehensive" list of Plaintiffs' Works that is being infringed by each Defendant. *See, Flava Works* (dismissing complaint that "merely alleges labels and conclusions, and does not include operative facts, such as identifying the actual work that is being infringed"); *Bob*

*Daemmrich Photography, Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*, 2017 WL 2544046 at *4 (W.D. Tex. June 12, 2017) ("complaints which identify a number of copyrighted works, but do not specify which works are the subject of the lawsuit have been held insufficient"). In other words, Plaintiffs impermissibly base their infringement claim on overly-inclusive lists of copyrighted works that amount to vague and expansive allegations regarding which works are the subject of Plaintiffs' claims. Plaintiffs' allege infringement of the works included in their 87 page exhibit, and these broad and conclusory allegations do not point to the specific copyrighted works that were infringed by each Defendant and are not enough to give Defendants adequate notice of Plaintiffs' copyright infringement claim. *Art of Design, Inc.*, 2017 WL 3608219 at *4-5 (dismissing complaint because "Plaintiff has neither identified an allegedly infringing work produced by Defendants, nor any description of how Defendants' work infringes on its own.").

What's more, the Complaint's allegations speak generally of the Defendants as a group and fail to specify exactly what each Defendant did to violate the law. Courts have been quick to reject pleadings in which multiple defendants are "lumped together." *See McKee*, 604 F. Supp. at 931; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) ("[W]e must analyze [plaintiff's] allegations defendant-by-defendant."); *Appalachian Enterprises, Inc. v. ePayment Sols., Ltd.,* No. 01 CV 11502 (GBD), 2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) ("A plaintiff fails to satisfy rule 8, where the complaint lumps all the defendants together and fails to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong."); *Prestige Admin., Inc. v. U.S. Fidelis, Inc.*, 2010 WL 1266810 (D. Ariz. Mar. 26, 2010) (dismissing complaint that "simply groups the Defendants together and refers to them collectively" because it does not enable the court to "reasonably to infer that every Defendant is liable for every claimed wrong."); *Pro Image Installers, Inc. v. Dillon*, 2009 WL 112953, at *2 (N.D. Fla. Jan. 15, 2009) (dismissing complaint for failing to meet "even the minimum pleading standard of Rule 8(a)" because it lumped eight distinct defendants

together, did not "distinguish[] the eight defendants from each other," and "implicate[d] all eight defendants acting in concert for [plaintiff's] loss.").

Plaintiffs' allegations lump Defendants together and do not inform each Defendant of the nature of their infringement or what copyrights they purportedly infringed. The Complaint does not contain sufficient substantive factual allegations against each Defendant individually, and by lumping all Defendants together, the Complaint fails to provide fair notice of the claims against any individual Defendant, or sufficient factual allegations to render it plausible that any individual Defendant committed copyright infringement. As a result, the Complaint fails to comply with Rule 8(a) and should be dismissed. *See FM Indus., Inc. v. Citicorp Credit Servs, Inc.*, 2007 WL 4335264, at *4 (N.D. Ill. Dec. 5, 2007) (granting motion to dismiss where plaintiff did "not proffer any concrete factual allegations that Brown and Gillard infringed on FMI's copyright"); *Art of Design*, 2017 WL 3608219 at *5 (dismissing complaint because "Plaintiff has neither identified an allegedly infringing work produced by Defendants, nor any description of how Defendants' work infringes on its own."); *Hart*, 2015 WL 8489973 at *4 (dismissing complaint under Rule 12(c) where "Plaintiff does not allege any factual content in support of his claims or articulate any circumstances whatsoever relating to [Defendant's] direct copying of [the works]."). For each of these reasons, Count II against TRI and SS should be dismissed.

### d. **Plaintiffs' Count VIII Should be Dismissed as Plaintiffs do not Allege they are Consumers or that there is a Consumer Nexus.**

Plaintiffs' ICFA claim alleged in Count VIII fails because Plaintiffs do not allege that they are consumers, and have not alleged a consumer nexus. "Generally, plaintiffs invoking the Fraud Act must allege that they are 'consumers' under the Act." *Ali v. Volkswagen Group of Am., Inc.*, 19-CV-06148, 2020 WL 5250669, at *3 (N.D. Ill. Sept. 3, 2020); *Roppo v. Travelers Companies*, 100 F. Supp. 3d 636, 650 (N.D. Ill. 2015), aff'd sub nom. *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568 (7th

Cir. 2017) ("Ordinarily, a plaintiff must allege that she is a 'consumer' to state a claim under the ICFA.").

The ICFA defines a consumer as "…any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1. Plaintiffs make no allegations that they are consumers who have purchased or contracted for merchandize from Defendants.

Absent allegations that Plaintiffs are consumers, Plaintiffs can only state a cause of action under the ICFA "by sufficiently alleging a 'consumer nexus.'" *Leonel & Noel Corp. v. Cerveceria Centro Americana, S.A.,* 08 C 5556, 2009 WL 981384, at *4 (N.D. Ill. Apr. 13, 2009) quoting *Athey Prods. Corp. v. Harris Bank Roselle*, 89 F.3d 430, 436-37 (7th Cir.1996). "To satisfy that test, a plaintiff must show '(1) that their actions were akin to a consumer's actions to establish a link between them and consumers; (2) how defendant's representations ... concerned consumers other than [plaintiff]; (3) how defendant's particular [activity] involved consumer protection concerns; and (4) how the requested relief would serve the interests of consumers.'" *Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989, 1006 (N.D. Ill. 2017) quoting *Roppo v. Travelers Companies*, 100 F. Supp. 3d at 651.

Plaintiffs have not made allegations to satisfy any of the components of the Consumer Nexus Test, much less all four. Plaintiff's ICFA claim is nothing more than a copyright claim titled as an ICFA claim. Plaintiffs are not claiming that consumers are buying faulty or substandard musical recording, or anything similar that might concern consumers. Plaintiffs are simply saying that they have the legal right to the recording, which is hardly anything that concerns consumers. For this reason, Plaintiffs' ICFA claim alleged in Count VIII should be dismissed as to the Sherman Defendants.

## IV. CONCLUSION

For each of the reasons set forth above, Counts I, II, and VIII, which are the only Counts alleged against the Sherman Defendants, should be dismissed against the Sherman Defendants.

Dated  March 6, 2023

Respectfully submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
Brian Swift
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
admau@au-llc.com
brians@au-llc.com
Ph. (312) 715-7312
Fax: (312) 646-2501

Mark A. Bulgarelli
Ilan Chorowsky
PROGRESSIVE LAW GROUP LLC
1570 Oak Avenue, Suite 103
Evanston, IL 60201
(312) 787-2717

*Attorneys for Defendants Trax Records, Inc. and Sandyee Sherman a/k/a Irene Mayzels Barnes*