UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCE LAWRENCE, et al<br>                        Plaintiffs,<br>  v.<br>TRAX RECORDS, INC, et al<br>                        Defendants.<br>IRENE MAYZELS BARNES<br>                        Cross-Plaintiff<br>  v.<br>RACHAEL CAIN<br>                        Cross-Defendant | Case No. 1:22-CV-05660<br><br>**CROSS-DEFENDANT'S ANSWER TO CROSS COMPLAINT AND CROSS-DEFENDANT'S COUNTERCLAIM** |

For her assertion of affirmative defenses to the Cross-complaint from Irene Mayzels Barnes (BARNES), Cross-Defendant, Rachael Cain (CAIN) states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against CAIN upon which relief can be granted.

### SECOND DEFENSE

CAIN avers that BARNES has not been damaged as a result of any alleged wrongdoing on the part of CAIN or any of its agents or representatives. If BARNES suffered any damages, as alleged, such "damage" was caused in whole or in part by her voluntary actions and were assumed risks.

### THIRD DEFENSE

To the extent that BARNES not taken steps to minimize the loss, then such failure to mitigate will bar or reduce any recovery herein.

## FOURTH DEFENSE

The Complaint is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought herein as it relates to CAIN.

## FIFTH DEFENSE

Granting the relief sought by BARNES would result in unjust enrichment.

## SIXTH DEFENSE

BARNES' claims are barred by promissory estoppel, waiver or by the doctrine of laches.

## SEVENTH DEFENSE

BARNES' claims grounded in contract fail and cannot be enforced for want of consideration and/or lack of privity or any right to enforce any contractual obligations as alleged.

## RESERVATIONS OF RIGHTS

To the extent permitted by law, CAIN reserves her right to supplement and amend this Answer and assert additional Affirmative Defenses as future discovery may warrant and require.

For her Answer to the Cross-complaint from Irene Mayzels Barnes, Cross-Defendant, Rachael Cain admits, denies, and alleges as follows:

1. Denies the allegation set forth in Paragraph 1 as written.

2. Admits the allegation set forth in Paragraph 2.

3. Denies the allegations set forth in Paragraph 3.

4. Admits the allegations set forth in Paragraph 4. In further answering, to make the response accurate and complete, Rachael Cain and were business associates prior to 1999

as she was a performing artist that created the trade name Trax Records that was used by Lawrence David Sherman, including the following album released in 1985:



5. Denies the allegations in paragraph 5 as written.

6. Denies the allegations in paragraph 6 as written.

7. Admits the allegations in paragraph 7.

8. Denies the allegations in paragraph 8 for lack of sufficient information to justify a belief therein.

9. Denies the allegations in paragraph 9 as written.

10. Admits the allegation in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the loan agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the lawsuit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Denies the allegations of paragraph 13 as written. Admits the allegations contained in paragraph 13 to the extent supported by the loan agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Denies the allegations for lack of sufficient information to justify a belief therein. It is admitted that in April 2006, a judgment was entered and that the judgment speaks for itself and is the best evidence of its contents. Rachael Cain further avers that the judgment was not a final judgment and that the matter was appealed with the Court of Appeal finding against Casablanca and that the decision of the appellate court is the best evidence of its contents. (See Casablanca Trax, Inc. v. Trax Records, Inc., 383 Ill. App. 3d 183, 189, 321 Ill.Dec. 659, 889 N.E.2d 1219 (2008))

15. Admits the allegation of paragraph 15.

16. Admits the allegation of paragraph 16.

17. Denies the allegations of paragraph 17 as written.

18. Denies the allegation of paragraph 18.

19. Denies the allegation of paragraph 19 as written.

20. Denies the allegations of paragraph 20 for lack of sufficient information to justify a belief therein. In further Answering, Rachael Cain avers that Lawrence Sherman signed many documents through 2020 that he personally owned all of the music and trademarks. In further Answering, Irene Mayzels Barnes through her agent and attorney Greg Roselli issued a Press Release stating that all half of the music was owned by Rachael Cain and

half of the music was owned by the Estate of Lawrence Sherman.

21. Denies the allegations of paragraph 21.

22. Denies the allegations of paragraph 22.

23. The "allegations" contained in paragraph 23 assert a prayer from the Cross-Plaintiff, such that no answer is required.

24. Denies the allegations of paragraph 24 for lack of sufficient information to justify a belief therein.

25. Denies the allegations of paragraph 25 for lack of sufficient information to justify a belief therein.

26. Admits the allegation of paragraph 26.

27. Denies the allegations of paragraph 27 for lack of sufficient information to justify a belief therein.

28. Denies the allegations of paragraph 28 for lack of sufficient information to justify a belief therein.

29. Denies the allegations of paragraph 29 for lack of sufficient information to justify a belief therein.

30. Denies the allegations of paragraph 30 as written.

31. Denies the allegations of paragraph 31 as written. Admits that Lawrence Sherman manufactured vinyl records for musicians including Cross-Defendant.

32. Denies the allegations of paragraph 32.

33. Denies the allegations of paragraph 33.

34. Denies the allegations of paragraph 34.

35. Admits the allegations set forth in Paragraph 4. In further answering, to make the

response accurate and complete, Rachael Cain and were business associates prior to 1999 as she was a performing artist that created the trade name Trax Records that was used by Lawrence David Sherman, including the following album released in 1985:



36. Denies the allegations in paragraph 36 as written.

37. Admits the allegations contained in paragraph 37 to the extent supported by the Joint Venture Agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 38 to the extent supported by the Joint Venture Agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Admits the allegations contained in paragraph 39 to the extent supported by the Joint

    Venture Agreement and loan agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the Joint Venture Agreement and loan agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Denies the allegations in paragraph 41 for lack of sufficient information to justify a belief therein.

42. Denies the allegations in paragraph 42 as written.

43. Denies the allegations in paragraph 43 as written. In further answering, In April 2006 the trial court granted Casablanca summary judgment on the breach of contract claim and denied the motion for arbitration, which was appealed resulting in the following holding: "Casablanca made the advances at issue pursuant to the JVA, which includes a broad arbitration clause. Therefore, the arbitrator must decide the arbitrability of issues related to repayment, even where those issues also involve a security agreement that has no arbitration clause. Because the loan agreement interlocks with the JVA, judicial economy favors a stay of proceedings on any claims related to the loan agreement pending the arbitrator's decision on arbitrability of claims for repayment of advances under the JVA. The arbitrator's decision must precede any sale pursuant to the security agreement. We reverse the judgment of the trial court and remand for proceedings consistent with this opinion." (See Casablanca Trax, Inc. v. Trax Records, Inc. , 383 Ill. App. 3d 183, 189, 321 Ill.Dec. 659, 889 N.E.2d 1219 (2008))

44. Denies the allegations in paragraph 44 as written. (See Casablanca Trax, Inc. v. Trax Records, Inc. , 383 Ill. App. 3d 183, 189, 321 Ill.Dec. 659, 889 N.E.2d 1219 (2008))

45. Denies the allegations in paragraph 45 as written. (See Casablanca Trax, Inc. v. Trax Records, Inc. , 383 Ill. App. 3d 183, 189, 321 Ill.Dec. 659, 889 N.E.2d 1219 (2008))

46. Denies the allegations in paragraph 46. In further answering, CAIN admits that she and Larry Sherman were divorced on May 1, 2006. A copy of the Judgment of Divorce and Settlement Agreement are attached hereto as Exhibit A.

47. Denies the allegations in paragraph 47 ass written. It is admitted that May 1, 2006, a judgment was entered and that the judgment speaks for itself and is the best evidence of its contents, which make no reference to a trademark per se.

48. As to the allegations in paragraph 48, it is admitted that on May 1, 2006, a judgment was entered and that the judgment speaks for itself and is the best evidence of its contents.

49. As to the allegations in paragraph 49, it is admitted that on May 1, 2006, a judgment was entered, and that the judgment speaks for itself and is the best evidence of its contents.

50. Denies the allegations in paragraph 50 as written. In further answering, it is admitted that on May 1, 2006, a judgment was entered, and that the judgment speaks for itself and is the best evidence of its contents.

51. As to the allegations in paragraph 51, it is admitted that on May 1, 2006, a judgment was entered and that the judgment speaks for itself and is the best evidence of its contents.

52. Denies the allegations in paragraph 52 as written.

53. Admits the allegations in paragraph 53 to the extent that they comport with the application referenced. It is admitted that an application was filed and that the application speaks for itself and is the best evidence of its contents.

54. Admits the allegations in paragraph 54 to the extent that they comport with the actions of the United States Patent and Trademark Office. The record of the United States Patent

and Trademark Office speaks for itself and is the best evidence of its contents.

55. Denies the allegations in paragraph 55 as written as she is not clear with what the allegations state. In further answering, it is admitted that an appeal was taken from the summary judgment that was rendered and that appellate court reversed and remanded on June 6, 2008. (See Casablanca Trax, Inc. v. Trax Records, Inc., 383 Ill. App. 3d 183, 189, 321 Ill.Dec. 659, 889 N.E.2d 1219 (2008))

56. Denies the allegations in paragraph 56.

57. Denies the allegations in paragraph 57 denied as written. In further answering, it is admitted that she and Larry Sherman entered into a Settlement Agreement and Mutual General Release with Casablanca Trax on November 20, 2012, that the settlement agreement speaks for itself, and that it is the best evidence of its contents, a copy of which is attached hereto as Exhibit B.

58. Denies the allegations in paragraph 58 as written. In further answering, it is admitted that on May 1, 2006, a judgment was entered, and that the judgment speaks for itself and is the best evidence of its contents.

59. Denies the allegations in paragraph 59.

60. Denies the allegations in paragraph 60.

61. Denies the allegations in paragraph 61 for lack of sufficient information to justify a belief therein.

62. Denies the allegations in paragraph 62 for lack of sufficient information to justify a belief therein.

63. Denies the allegations in paragraph 63 as written.

64. The allegations on paragraph 64 "repeat and reallege" the previous allegations and require

no answer. However, out of an abundance of caution, CAIN repeats and re-responds to the previous allegations in the content and form set forth in the preceding paragraphs of this pleading.

65. Denies the allegations in paragraph 65.

66. Denies the allegations in paragraph 66.

67. Denies the allegations in paragraph 67.

68. Denies the allegations in paragraph 68.

69. Denies the allegations in paragraph 69.

70. Denies the allegations in paragraph 70.

71. Denies the allegations in paragraph 71.

72. Denies the allegations in paragraph 72.

73. Denies the allegations in paragraph 73.

74. Denies the allegations in paragraph 74.

75. The allegations on paragraph 75 "repeat and reallege" the previous allegations and require no answer. However, out of an abundance of caution, CAIN repeats and re-responds to the previous allegations in the content and form set forth in the preceding paragraphs of this pleading.

76. Paragraph 76 attempts to quote the law requiring no answer. The law speaks for itself.

77. Admits the allegations in paragraph 77 inasmuch as she has registered trademarks and the Cross-claim makes allegations about "TRAX RECORDS and TRAX (the "TRAX MARKS").

78. Denies the allegations in paragraph 78.

79. Denies the allegations in paragraph 79.

80. Denies the allegations in paragraph 80.

81. Denies the allegations in paragraph 81.

82. Denies the allegations in paragraph 82.

83. The contents of paragraph 83 are a prayer that requires no answer.

84. The allegations on paragraph 84 "repeat and reallege" the previous allegations and require no answer. However, out of an abundance of caution, CAIN repeats and re-responds to the previous allegations in the content and form set forth in the preceding paragraphs of this pleading.

85. Denies the allegations in paragraph 85.

86. Denies the allegations in paragraph 86.

87. Denies the allegations in paragraph 87.

88. Denies the allegations in paragraph 88.

89. Denies the allegations in paragraph 89.

90. Denies the allegations in paragraph 90.

91. Denies the allegations in paragraph 91.

92. Denies the allegations in paragraph 92.

93. Denies the allegations in paragraph 93.

94. Denies the allegations in paragraph 94.

95. Denies the allegations in paragraph 95.

96. The contents of paragraph 96 are a prayer that requires no answer.

And now taking the position as Cross-Claim Counterclaim Plaintiff, Rachael Cain avers as follows:

1. Cross-Claim Counterclaim Plaintiff RACHAEL CAIN ("CAIN") a resident of

Chicago, Illinois for her Cross-claim Counterclaim Complaint against Cross-Claim Counterclaim Defendant Irene Mayzels Barnes ("BARNES") a resident of Chicago Ridge, Illinois, alleges as follows:

## INTRODUCTION

2. BARNES is knowingly using Plaintiff's trademark TRAX RECORDS™, solely owned by Cross-Claim Counterclaim Plaintiff CAIN, (Registration Numbers 3466156 and 3466459) with its first use in commerce August 1988 and 1985.

3. Defendant BARNES, the widow of Larry Sherman, CAIN's ex-husband, has used the trademark TRAX RECORDS, reportedly under the erroneous belief that she had authority over the estate of her late husband and reportedly under the false belief that she has a right to use the trademark despite the governing law in this matter, which was recently confirmed by Judge Terrance McGuire, Calendar 11, Probate Division, Cook County Court, who has ordered that all activity on behalf of the Estate of Larry Sherman from the time of his death until June 6, 2023 was without authority and null and void, recognizing a valid will from 1998 and a codicil from 1999, giving his estate to his daughter Tessa Sherman, which was renounced by BARNES, giving her one-third of the estate, which will be co-administered between BARNS and Tessa Sherman supervised by the Court.

4. Notwithstanding CAIN issuing a cease and desist letter to BARNES upon discovery of the trademark violations, BARNES continued to use the trademark causing CAIN's irreparable injury.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for direct,

contributory, and vicarious trademark infringement under the Lanham Trademark Act, 15 USC §1051, *et seq.* This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. §1331.

6. This Court has personal jurisdiction over BARNES because, among other things, Defendant is engaged in tortious conduct within this State and District, including by using CAIN's trademark throughout the world and within the United States and this State. Cross-Claim Counterclaim plaintiffs additionally aver that, among other things, (a) Defendant or her agents are doing or have been doing business continuously in this State and District, (b) a substantial part of the wrongful acts committed by Defendant has occurred in interstate commerce, in this State and District, and (c) Defendant's conduct caused injury to, and is directed at, Plaintiffs and registered intellectual property within the United States and this State.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## THE PARTIES AND MARKS

8. The trademark TRAX RECORDS is solely owned by Plaintiff CAIN (Registration Numbers 3466156 and 3466459).

9. The trademark PHUTURE TRAX is solely owned by Plaintiff CAIN (Serial Number 97669690, formerly Registration Number 3590325).

10. BARNES is an individual that is engaged in the production and exploitation of music and artists operating under the name TRAX RECORDS.

## FACTUAL BACKGROUND

11. The trademark TRAX RECORDS is solely owned by CAIN (Registration Numbers 3466156 and 3466459) with first use in commerce August 1988 and 1985, respectively.



12.  The trademark PHUTURE TRAX is solely owned by registrant CAIN (Serial Number 97669690, formerly Registration Number 3590325) with first use in commerce August 2005.

# PHUTURE TRAX

13.  PHUTURE TRAX was originally registered by CAIN with the Patent and Trademark Office on March 17, 2009.

14.  Both TRAX RECCORDS and PHUTURE TRAX trademark registrations (the "Trademarks") have never been challenged or contested by Larry Sherman, BARNES, or any other party prior to the plaintiffs in the Initial Complaint in the above captioned matter – Lawrence et al.

15.  BARNES has not acknowledged CAIN's cease and desist demand letter sent via Certified Mail on November 15, 2022 and emailed on November 16, 2022. The letter informed BARNES that she was infringing on Plaintiff's 's trademark, requested that BARNES immediately discontinue use of Plaintiff's trademark, and also informed BARNES that Plaintiffs would take necessary legal action. (S*ee* Exhibits "C" and "D")

16.  Use of CAIN's trademark TRAX RECORDS by the Defendant came to Plaintiffs' attention from a Press Release issued by Defendant, through her promoter and attorney Greg Roselli dated September 6, 2022, displaying the registered TRAX

RECORDS trademark. (*See* Exhibit "E")



17. Use of CAIN's trademarks TRAX RECORDS and PHUTURE TRAX by the BARNES came to Plaintiff's attention when TRAX 2 the PHUTURE was commercially used in October 2022 with identical use of font size, word configuration, and PMS Pantone color combinations in attempts to generate an independent revenue stream away from Plaintiff's and creating the likelihood of consumer confusion.



18. BARNES used the colorable imitation of Plaintiff's Trademarks in advertising and promoting a House Music festival in Amsterdam, The Netherlands. TRAX 2 The PHUTURE! @ Our House | ADE (amsterdam-dance-event.nl)

19. CAIN's TRAX RECORDS LTD website shows TRAX RECORDS as "THE ORIGINAL HOME OF HOUSE MUSIC." (https://www.traxrecords.net)

20. TRAX RECORDS and PHUTURE TRAX are registered trademarks for use in musical sound, audio and video recordings.

21. BARNES' use of the colorable imitation of Plaintiffs Trademarks in combination with the use of TRAX RECORDS in promoting a TRAX RECORDS artist on a House music panel further establishes a likelihood of consumer confusion.

> We will discuss how the NFT market will revolutionize music with TRAX Records leading the way, putting the music and money back in the hands of the legendary and up and coming artists of the future.
>
> Panel to include:
> DJ Pierre - TRAX Records/PHUTUR TRAX/Afro Acid Muzik
> Robert Owens - Artist/Producer/Writer/DJ
> Karl Oliver Goedicke - Hypery AG CEO and founder of Hypery
> Jakob Deichmann - Hypery AG COO and founder of Hypery
> Greg Roselli - Rights Incorporated responsible for the restructure of TRAX Records in partnership with the artists

22. BARNES' promoter Rights, Inc. continues to use Plaintiff's registered trademark TRAX RECORDS on this website to promote the services of BARNES. (www.rightinc.com)

## COUNT I

### TRADEMARK VIOLATION

23. CAIN incorporates by reference each and every averment contained in paragraphs 1 through 22, inclusive.

24. Based on the conduct alleged herein, BARNES has infringed CAIN's Trademarks, in violation of the Lanham Act, 15 USC §1051, *et seq.*

25. BARNES' acts of violation are willful, in disregard of and with indifference to, the rights of Cross-Claim Counterclaim plaintiffs.

26. As a direct and proximate result of the violation by BARNES, CAIN is entitled to damages and to BARNES' profits in amounts to be proven at trial, and which are

not currently ascertainable. Alternatively, CAIN is entitled to maximum statutory damages.

27. CAIN is further entitled to its attorneys' fees and full costs

28. As a result of BARNES' acts and conduct, and those of her agents, CAIN has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. CAIN is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, BARNES will continue to infringe CAIN's rights. CAIN is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

29. A plaintiff seeking preliminary injunctive relief normally must satisfy a four-factor test: (1) likely to succeed on the merits of the claims; (2) likely to suffer irreparable harm without preliminary relief; (3) the balance of equities between the parties support an injunction; and (4) the injunction is in the public interest. However in trademark cases, "[t]he several courts vested with jurisdiction of civil actions arising under this chapter shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title. A plaintiff seeking any such injunction shall be entitled to a *rebuttable presumption* of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction or upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order." (15 U.S.C. § 1116(a))(*emphasis added*).

**CONCLUSION**

30. BARNES is knowingly and intentionally using one or more of CAIN's Trademarks. Specifically, CAIN has obtained evidence demonstrating (1) BARNES is engaged in promoting, advertising, displaying, distributing, offering for sale, and selling goods and services on Plaintiffs' Trademarks and brand; and (2) BARNES accomplishes this by using the Plaintiffs' actual trademark TRAX RECORDS, and by the combined use of TRAX RECORDS and PHUTRE TRAX in a manner which so resembles CAIN's registered marks as to likely cause confusion or mistake or to deceive.

31. BARNES' unlawful activities have deprived, and continue to deprive, CAIN of the right to determine the manner in which her trademarks are presented to the industry and to the public. BARNES wrongfully capitalizes on CAIN's reputation and goodwill and the commercial value of the trademarks. BARNES is also defrauding the consuming public for her own benefit. BARNES should not be permitted to continue the unlawful activities which are causing Plaintiffs ongoing irreparable harm. Accordingly, CAIN is seeking entry of an ex parte preliminary injunction order prohibiting Defendants' further wrongful use of Plaintiff's trademarks.

**WHEREFORE**, CAIN prays for judgment against BARNES as follows:

1. For a preliminary and permanent injunction enjoining and restraining BARNES and her agents, servants, employees, representatives, affiliated companies and other business entities, successors, assigns, and those acting in concert with them or at their direction, from directly or indirectly infringing in any manner any right in and to the Trademarks, including without limitation by directly or indirectly reproducing the Trademarks, downloading, distributing, communicating to the public, uploading, linking

to, transmitting, publicly performing, or otherwise exploiting in any manner the Trademarks;

2. For BARNES' profits and for damages in such amount as may be determined; alternatively, for maximum statutory damages, or for such other amount as may be proper pursuant to 15 USC §1051, *et seq.*

3. For Cross-Claim Counterclaim plaintiff's attorneys' fees and full costs;

4. For prejudgment interest according to law; and

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Cross-Claim Counterclaim plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: May 23, 2023

Respectfully submitted:

**RACHAEL CAIN**

By: s/ Scott J. Spivey

Scott J. Spivey
SCOTT J. SPIVEY ESQ APLC
412 Dauphine St., 4B
New Orleans, LA 70112
(504) 388-3243
scott@spiveyesq.com

## Certificate of Service

I hereby certify that all parties were served with a copy of this pleading as all parties' counsel have enrolled for notice through the EM/ECF system.

s/ Scott J. Spivey