IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Vince Lawrence et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 22 CV 05660 |
| | ) | |
| Trax Records, Inc. et al., | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| Irene Mayzels Barnes a/k/a Sandyee Sherman, | ) | |
| | ) | |
| Cross-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Rachael Cain, | ) | |
| | ) | |
| Cross-Defendant. | ) | |

**ORDER**

For the reasons set forth in the Statement below, the Cross-Plaintiff's motion to strike Cross-Defendant's affirmative defenses [58] and motion for a more definite statement [59] are denied.

**STATEMENT**

Irene Mayzels Barnes was named as a defendant in this trademark and copyright infringement case. Ms. Barnes, who is also known as Sandyee Sherman, filed a crossclaim against co-defendant Rachel Cain, asserting violations of the Lanham Act and the Illinois Uniform Deceptive Trade Practices Act. In response to the crossclaim, Cross-Defendant Cain enumerated seven defenses. Answer to crossclaim at 1-2, ECF No. 57. Cross-Plaintiff Barnes moves to strike all of them.

Federal Rule of Civil Procedure 12(f) grants courts the discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions made for this purpose potentially serve only to delay and are therefore disfavored by courts. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). Barnes argues that all of Cain's defenses be stricken as insufficiently pled, either because most are not actually ***affirmative*** defenses or because, for those which are, they fail to meet the

"plausibility" pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In terms of taxonomy, this Court agrees that almost all of Cain's defenses are not "affirmative." *See generally Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012) (affirmative defenses are defenses for which the defendant bears the burden of proof under state law or which do not controvert the plaintiff's proof); *Instituto Nacional De Comercializacion Agricola v. Cont'l Ill. Nat. Bank & Tr. Co.*, 576 F. Supp. 985, 988 (N.D. Ill. 1983) ("[A]n affirmative defense is an ***admission*** of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable." (emphasis in original)). But defenses, just like affirmative defenses, are necessary components of any response. *See* Fed. R. Civ. P. 8(b)(1)(A) ("In responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it . . . ."). Hence, the only sin committed by Cain in her inclusion of defenses within her answer is her imprecise use of the word "affirmative" to describe them. That minor transgression does not warrant precluding the assertion of those defenses.

For present purposes, this Court deems the defenses incorporated in Cain's Sixth Defense —promissory estoppel, waiver, and laches—the only affirmative ones. *See* Answer at 2, ECF No. 57. These genuine affirmative defenses, Barnes asserts, are bare legal conclusions and therefore fail to meet the *Twombly–Iqbal* pleading standard. While it is true that some courts within this circuit—maybe even the majority of them—take the view that affirmative defenses must be pled to meet the strictures of *Twombly* and *Iqbal*, the Seventh Circuit has never addressed that question. *Soos & Assocs., Inc. v. Five Guys Enterprises, LLC*, 425 F. Supp. 3d 1004, 1010 n.2 (N.D. Ill. 2019); *Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 386 (N.D. Ill. 2015). And in this Court's view, "the logic of *Twombly* and *Iqbal* does not extend neatly to the pleading of affirmative defenses, which are differently situated than claims for relief in terms of what can, and should, be reasonably expected of the parties." *Tactical Med. Sols., Inc. v. Karl*, No. 14 C 06035, 2015 WL 13943105, at *4 (N.D. Ill. Sept. 21, 2015) (Tharp, J.). First, nuisance lawsuits, not nuisance defenses, are what caught the ire of the *Twombly* Court. *Id*. Second, defendants, unlike plaintiffs, who may investigate potential claims for years before asserting them in a lawsuit, only have twenty-one days to develop factual allegations and then assert affirmative defenses before risking waiver. *Id.* (citing Fed. R. Civ. P. 12(a)(1)(A)(i)). And third, the rule which underpinned the reasoning in both *Twombly* and *Iqbal*—namely, Rule 8(a)—applies only to claims, not defenses. *Id*. Affirmative defenses are governed by Rule 8(c), which only requires a responding party to "affirmatively ***state*** any avoidance or affirmative defense." Fed. R. Civ. P. 8(c) (emphasis added). "For all of these reasons, . . . in the absence of binding authority to the contrary, . . . the better-reasoned position is that the *Twombly*/*Iqbal* plausibility standard does not apply to affirmative defenses." *Tactical Med.*, 2015 WL 13943105, at *4. The fact that Cain's affirmative defenses may be threadbare is therefore insufficient cause to strike them; their substance can be explored and fleshed out during discovery.

It is also noted that Barnes claims no prejudice due to the presence of any defense or affirmative defense within Cain's answer. And why would she? Surely the early warning of any defenses a claim will face can only serve a plaintiff's interests. Discovery, too, may be conducted more efficiently, along with potential benefits for judicial economy, which is "best served if a plaintiff is on notice early of any problems with her case that might trigger settlement or re-pleading." *Id*. Barnes's motion to strike the Cain's affirmative defenses is denied.

Barnes has also moved for a more definite statement pursuant to Rule 12(e), which is allowed when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Such motions are "generally disfavored." *Direct Commc'ns, Inc. v. Horizon Retail Constr., Inc.*, 387 F. Supp. 2d 828, 833 (N.D. Ill. 2005). "[O]nly if the complaint is so unintelligible that the defendant cannot draft responsive pleading" should a court grant a 12(e) motion. *Mission Measurement Corp. v. Blackbaud, Inc.*, 216 F. Supp. 3d 915, 917 (N.D. Ill. 2016). Barnes does not argue that the factual allegations in Cains's cross-complaint are incomprehensible. Nor could she; Cains's complaint clearly sets forth facts alleging that Barnes was improperly using Cains's trademark. Rather, Barnes argues that she cannot tell from those allegations which Lanham Act provision Cain is placing at issue. "Rule 12(e) cannot be used to turn federal civil procedure into a fact-pleading or code-pleading system." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017). In her cross-complaint, Cain was not required to include any legal theory at all, let alone specify which sub-section of a statute Barnes was allegedly violating. *See id.* at 848 ("[C]omplaints need not identify the applicable law[.]"). Barnes can easily nail down the specifics of the legal theory Cain intends to pursue in discovery. *See Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 560 (N.D. Ill. 1994). Her motion for a more definite statement is denied.

Date: June 27, 2023

_____
John J. Tharp, Jr.
United States District Judge