IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VINCE LAWRENCE et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 22 C 5660 |
| | ) | |
| TRAX RECORDS, INC. et al., | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

For the reasons laid out below, the Sherman defendants' motion to dismiss [53] is granted, and the Cain defendants' motion to dismiss [55] is denied in part and granted in part. Counts I, II, III, and VII of the operative second amended complaint are dismissed without prejudice. The plaintiffs may file a third amended complaint that either drops those claims or contains sufficient factual allegations to support them in a manner that complies with this Order. The third amended complaint is due by April 16, 2025. Failing to meet that deadline, this case will go forward only on the surviving claims asserted in the second amended complaint, namely Counts IV, V, and VI.

## STATEMENT

Plaintiff Vince Lawrence asserts that he is the rightful owner of the trademark "Trax Records," which defendant Rachael Cain unlawfully registered and used in commerce without his permission. Lawrence is joined in suit by 25 other plaintiffs, who assert that the defendants—Cain, Cain's associate Sandyee Sherman, the estate of Larry Sherman, and a variety of corporate entities comprising Trax Records—obtained copyrights over their original musical works without receiving authorization from or paying compensation to the plaintiffs. Together they raise the following claims:

    Count I: Fraud on the Copyright Office (against all defendants)
    Count II: Direct Copyright Infringement (against all defendants)
    Count III: Contributory Copyright Infringement (against Cain)
    Count IV: Fraud on the Trademark Office (against Cain)
    Count V: Direct Trademark Infringement (against Cain)
    Count VI: Injunctive Relief (all defendants)
    Count VII: Violation of Illinois Uniform Deceptive Trade Practices Act (all defendants)[1]

---

[1] The Second Amended Complaint misnumbers Counts VI and VII as "VII" and "VII." This Court uses its own numbering. Also, since Count VI is not a stand-alone cause of action but rather a form of relief, the Court omits it from the Rule 12(b)(6) analysis below.

Defendants Sherman and Trax Records, Inc. ("the Sherman defendants") filed a motion to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6), asserting that the operative Second Amended Complaint alleges insufficient facts to state a plausible claim for relief. The Sherman defendants argue that the complaint lacks key details needed to support claims of deceptive trade practices, copyright fraud, and infringement, including which defendants allegedly filed which false applications, how those applications were false, and which plaintiffs' works were appropriated by which defendants.

Defendants Trax Records, LTD and Rachael Cain ("the Cain defendants") filed a two-page tag-along motion, seeking to incorporate the Sherman defendants' reasoning while arguing that it extended to the claims against Cain as well.

When reviewing a Rule 12(b)(6) motion, the Court accepts all well-pleaded factual allegations as true after construing the complaint in the light most favorable to the plaintiff. *See Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). So construed, the complaint must comply with minimal federal pleading standards, which, for most claims, require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To satisfy Rule 8, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Claims of fraud or mistake are held to a higher standard. A plaintiff must "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), which "ordinarily requires describing the 'who, what, when, where, and how' of the fraud" that occurred. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011) (citation omitted). "[T]he exact level of particularity that is required," however, "will necessarily differ based on the facts of the case." *Id.*

1. **Identifying the Correct Pleading Standard: Rule 8(a) or Rule 9(b)**

    a. **Count VII (UDTPA)**

The defendants submit that Rule 9(b)'s heightened pleading standard applies to the Uniform Deceptive Trade Practices Act (UDTPA) claim in Count VII. The plaintiffs do not argue otherwise, and for good reason. Courts in this district have long recognized that claims of deceptive trade practices founded on the UDTPA must be pleaded with particularity. *See, e.g., Marvellous Day Elec. (S.Z.) Co. v. Ace Hardware Corp.*, 2013 WL 4565382 at *9 (N.D. Ill. Aug. 27, 2013) ("The heightened pleading standard of Rule 9(b) applies to UDTPA claims.").

    b. **Count I (Fraud on Copyright Office)**

Pressing further, the defendants maintain that Rule 9(b) also applies to Count I, which alleges fraud on the Copyright Office. The plaintiffs disagree, arguing that Rule 9(b) is inapplicable because they can prevail on Count I without proving fraudulent intent.

Fraud on the Copyright Office originally developed as a common-law affirmative defense to an infringement claim. A party invoking that defense needed to "allege that the copyright applicant knowingly failed to disclose certain information to the Copyright Office with the intent

to defraud the copyright office and that the Copyright Office would have probably denied the copyright application if it had been made aware of the undisclosed information." *O.T. Pickell Builders, Inc. v. Witowski*, No. 1:96-cv-4233, 1998 WL 664949, at *5 (N.D. Ill. Sept. 16, 1998); *see also Lambert v. Pem-Am., Inc.*, No. 1:03-cv-003330, 2004 WL 422636 at *6 (N.D. Ill. Feb. 12, 2004).

In 2008, Congress amended 17 U.S.C. § 411 to provide a statutory mechanism to invalidate a copyright on the basis of inaccurate information provided in the underlying application. That mechanism, codified at § 411(b)(1), states that a registered copyright cannot sustain an infringement action when "inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate."

Courts are sharply divided regarding whether invalidating a copyright under § 411(b)(1) requires a showing of fraud. *See Williams v. Hy-Vee, Inc.*, 661 F. Supp. 3d 871, 887 (S.D. Iowa 2023) (surveying cases). Some have concluded that § 411(b)(1) simply codified the common-law defense that existed prior to 2008, including its intentional-fraud element. *See, e.g.*, *FurnitureDealer.Net, Inc v. Amazon.com, Inc.*, No. CV 18-232, 2022 WL 891473, at *12 (D. Minn. Mar. 25, 2022) (emphasizing that "'[w]hen a statute covers an issue previously governed by the common law, we must presume that Congress intended to retain the substance of the common law' unless statutory purpose to the contrary is evident" (quoting *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519, 538 (2013))); *Roberts v. Gordy*, 877 F.3d 1024, 1029 (11th Cir. 2017) (adopting the Copyright Office's position that § 411(b) "codifies the defense of Fraud on the Copyright Office"). Courts drawing the opposite conclusion have drawn attention to the plain language of § 411(b)(1), which includes no fraud requirement. *See, e.g.*, *Williams v. Hy-Vee, Inc.*, 661 F. Supp. 3d 871, 887 (S.D. Iowa 2023) ("The plain language of the statute does not require a showing of fraud."); *Bruhn NewTech, Inc. v. United States*, 144 Fed. Cl. 755, 802 (2019) ("17 U.S.C. § 411(b) does not require a showing of fraud or willfulness to invalidate a copyright registration for purposes of filing a copyright infringement claim."). Still other courts have simply continued to cite pre-2008 case law applying Rule 9(b) to the common-law defense without acknowledging its tension with § 411. *See, e.g.*, *Heard v. Trax Recs., Inc.*, No. 1:20-cv-03678, 2021 WL 3077668, at *3 (N.D. Ill. July 21, 2021). To date, neither the Seventh Circuit nor the Supreme Court has resolved this split. *See Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 188 (2022) (declining to squarely address the question presented: "whether a registration may be invalidated under § 411(b) even though there is no indicia of fraud"); *see also id.* at 189 (Thomas, J. dissenting).

The Court need not address whether § 411 preserves a common-law fraud element because the application of Rule 9(b) in this case does not turn on that issue. The Seventh Circuit has been clear that Rule 9(b) applies to "allegations of fraud, not claims of fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 447 (7th Cir. 2011). A plaintiff alleging fraudulent conduct must therefore comply with the heightened pleading standard, even when the associated cause of action is "not by definition [a] fraudulent tort[]." *Borsellino v.*

*Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (quotation marks omitted). "Whether Rule 9(b) applies" thus "depends upon the nature of plaintiff's factual allegations: a claim that is premised upon a course of fraudulent conduct implicates Rule 9(b)'s heightened pleading requirements, regardless of whether the claim is by definition a fraud claim." *Gavin v. AT&T Corp.*, 543 F. Supp. 2d 885, 896 (N.D. Ill. 2008).

The plaintiffs unquestionably allege fraudulent activity in connection to Count I. On this point the complaint could hardly be clearer: "The Trax copyright registrations were procured by fraud by one or more Defendants, that intentionally and fraudulently represented that they owned Plaintiffs' Works." Second Am. Compl. ¶ 86, ECF No. 43. As such, Rule 9(b)'s particularity requirement applies to Count I.

### c. Count IV (Fraud on the Trademark Office)

The Sherman defendants do not address Count IV in their motion to dismiss, since that claim is directed solely to Cain. The Cain defendants also do not address the pleading requirement that should apply to Count IV in their two-page motion. That said, because the Cain defendants broadly allege that the claims brought solely against them should be dismissed "for the reasons set forth" in their co-defendants' brief, a charitable reading of the Cain motion to dismiss would include the argument that Rule 9(b) extends to the plaintiffs' claim of fraud on the Trademark Office in Count IV.

Although the Court adopts that charitable reading, it can go no farther. Trademarks and copyrights are governed by different statutes in different Titles of the U.S. Code. Fraud on the *Trademark* Office thus has a different statutory basis than fraud on the *Copyright* Office—specifically § 14(3) of the Lanham Act. Because that statutory provision has not been briefed or even referenced by the Cain defendants, the Court considers the argument waived. *See Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D. Ill. 2006) (noting that "skeletal presentations" and undeveloped arguments in an opening brief are waived).

### d. Remaining Claims

The remaining claims do not involve an allegation of fraud on the part of the defendants and no defendant seeks to apply Rule 9(b). As such, the Court finds that Rule 8 provides the pertinent pleading standard.

## 2. Evaluating the Complaints' Sufficiency in Light of the Applicable Pleading Standards

### a. Count IV (Fraud on the Trademark Office, Cain)

The Cain defendants' two-page complaint presents no developed or otherwise substantive argument for why the trademark claims brought solely against Cain ought to be dismissed. Indeed, the Cain defendants do not even mention Counts IV and V except for a single line cursorily requesting that they be dismissed "for the reasons set forth" in their co-defendants' brief, which does not challenge either Count. Even so, the Court will proceed to evaluate the sufficiency of the plaintiffs' trademark claims against Cain—if not because that issue has been satisfactorily

presented through adversarial briefing then because doing so will inform any amended complaint that might be crafted following this Order and accordingly advance an efficient resolution to this dispute.

The Court finds that Lawrence has pleaded enough facts to support his claim of fraud on the Trademark Office against Cain.[2] As discussed, the Cain defendants waived any argument that Rule 9(b) applies. Regardless, the plaintiffs' allegations would meet even that heightened pleading standard. The plaintiffs asserted the necessary components of a § 14(3) claim: that Cain "falsely and fraudulently" claimed ownership over the Trax marks when filing for registration, despite lacking an ownership interest and despite the fact that the marks were "the property of Vince Lawrence." ECF No. 43 at ¶¶ 52-55, 64. Moreover, the plaintiffs did so with specificity, providing the date of Cain's fraudulent submission (October 28, 2007), the allegedly false statements, and the precise trademark application numbers, registration numbers, and associated logo and text. *Id.* at ¶¶ 118-19. That is sufficient to survive a 12(b)(6) motion.

### b. Count V (Direct Trademark Infringement, Cain)

Just as Lawrence's trademark-fraud claim complies with Rule 9(b), the related claim against Cain for trademark violations satisfies Rule 8—though not on the theory the plaintiffs assert.

Lawrence labels Count V as a "direct trademark infringement" claim. Yet the second amended complaint never alleges that Lawrence held a valid, registered trademark, a prerequisite to alleging infringement under § 32 of the Lanham Act. *See* 15 U.S.C. § 1114(a); *see also Phoenix Ent. Partners v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016). As such, the complaint fails to adequately allege trademark infringement.

The plaintiff's failure to support their purported infringement claim does not necessarily warrant dismissal, however. A "complaint need not identify a legal theory and specifying an incorrect theory is not fatal." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). Indeed, though Lawrence does not mention it, the Court finds that the second amended complaint sets forth the factual predicates of an unfair-competition claim under § 43(a) of the Lanham Act. Unlike § 32, § 43(a) does not require federal registration of a valid mark. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992); *see also Meenaxi Enter., Inc. v. Coca-Cola Co.*, 38 F.4th 1067, 1075 (Fed. Cir. 2022) (concluding that § 43(a) . . . extend[s] to the improper use of marks that cause commercial injury even if the injured party is not itself a trademark holder"). Rather, it imposes liability on "[a]ny person" who uses a trademark or a "false designation of origin" in the sale of goods in a manner "likely to cause confusion, or to cause

---

[2] The complaint does not provide a basis to conclude that any plaintiff other than Lawrence has standing to assert trademark claims, as Lawrence is the only plaintiff alleged to have an ownership interest in the Trax Records mark.


mistake, or to deceive . . . as to the origin, sponsorship, or approval of his or her goods." 15 U.S.C. § 1125(a).

The complaint contains allegations fulfilling each element of § 43(a). It asserts that "Vince Lawrence is the owner of the Trax Marks," that Lawrence "developed a significant amount of goodwill in his Trax Marks," and that "Cain's bad faith use and registration of the Trax Marks in the music space to compete with Vince Lawrence . . . creates a substantial likelihood of consumer confusion and constitutes willful trademark infringement." *Id.* ¶¶ 136-38. Those facts support a plausible claim for relief under § 43(a).

### c. Counts I (Fraud on the Copyright Office, All Defendants) and VII (UDTPA, All Defendants)

The plaintiffs' claims of general copyright fraud and deceptive trade practices cannot be sustained.

At a minimum, Rule 9(b) "requires the plaintiff to state the identity of the person who made the [fraudulent] misrepresentation." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (cleaned up). Moreover, because fair notice is "[p]erhaps the most basic consideration" underlying Rule 9(b), a plaintiff pleading fraud must "reasonably notify the defendants of their purported role in the scheme." *Id.* at 777-78. The complaint falls short of those requirements. It states vaguely that "[s]ince 1982 and forward . . . [t]he Register of Copyrights [] issued registrations in the name of 'Trax Records' for . . . copyrights in Plaintiffs' Works," even though the plaintiffs were the "original authors." *Id.* ¶¶ 74-76. Yet the plaintiff does not specify which copyright registrations were fraudulent, what made them fraudulent, which defendants committed which acts of fraud, or which of the 26 plaintiffs were harmed. Without such information, the complaint fails to provide fair notice to the defendants regarding their roles in the purported fraud scheme. Rule 9(b) demands more.

### d. Counts II (General Infringement, All Defendants) and III (Contributory Infringement, Cain)

The plaintiffs' copyright-infringement claims fare no better. Although the claims are governed by Rule 8's minimum-plausibility standard, the plaintiffs nonetheless fail to support them with adequate factual allegations.

The complaint states that "[s]ince 1984, Plaintiffs' Works have been sold, distributed, or exploited either directly by Defendants, or any one of them, or licensed by Defendants many times over to licensees throughout the world." *Id.* at ¶ 77. It further asserts that the "Plaintiffs are the authors and owners of the copyrights in and to the Plaintiff's Works set forth in Exhibits C through BB" and claims that "Sherman and Cain also bootlegged or counterfeited songs and records by simply renaming them or labeling them under Sherman's or Cain's names." *Id.* at ¶ 79 (cleaned up).

What is missing from the complaint, however, is any description of which defendants allegedly infringed which works held by which defendants. The complaint attaches hundreds of pages of exhibits purportedly listing musical works associated with each plaintiff. But it does not specify which plaintiffs, if any, held valid copyright registrations over the works. That is a non-negotiable prerequisite to bringing a copyright claim. *See* 17 U.S.C. 411(a) (noting that, subject to certain exceptions inapplicable to this case, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title").

In their response brief, the plaintiffs claim to have mistakenly neglected to attach a list of copyright-registration numbers for their works to their complaint. ECF Nos. 61 at 14. Seeking to remedy the oversight, the plaintiffs attach a list of songs and accompanying registration numbers to their brief instead.[3] *See* ECF No. 61-1.

Considering the late-filed exhibit, however, would only generate more issues. Confusingly, the document only mentions registrations for six of the 26 named plaintiffs, undercutting the plaintiffs' vague allegation that they are (presumably all) "the authors and owners" of the works. Worse, several of the registrations purportedly belonging to the plaintiffs do not list the plaintiffs as claimants. This raises questions regarding whether the plaintiffs have alleged that each of them holds federal copyrights over the songs in question.

Registration issues aside, the plaintiffs also provide insufficient information regarding which defendants infringed their copyrights and how. Nor do they allege that the defendants at all times lacked a legal basis to market and sell any songs, though, for instance, a written or oral assignment or licensing agreement. Without such allegations, this case stands in stark contrast to *Heard v. Trax Recs., Inc.*, where the court found sufficient a complaint alleging infringement over a discrete set of copyrights owned by two plaintiffs after stating the names of the songs, the year they were written, the copyright-registration information, the contracts in which the authors purportedly assigned the copyrights to the defendants, and an explanation for why the contracts were defective.

*       *       *

The Court finds that Rule 9(b)'s heightened pleading requirement applies to the allegations of fraud set forth in Counts I and VII of the operative complaint. The Court further concludes that

---

[3] Different panels of the Seventh Circuit have taken contradictory positions on whether a district court may consider information provided only in a response brief when evaluating a motion to dismiss under Rule 12(b)(6). On the one hand, the court of appeals has stated that it is an "axiomatic rule that a plaintiff may not amend his complaint in his response brief." *Pirelli*, 631 F.3d at 448; *see also Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir.1996) (emphasizing that a court cannot look beyond pleadings in a 12(b)(6) posture). Yet it has also held that a plaintiff "need not put all of the essential facts in the complaint" and may add them in subsequent briefing so long as they do not conflict with the pleadings. *See Hrubec v. National Railroad Passenger Corp.*, 981 F.2d 962, 963-64 (7th Cir.1992).

the plaintiffs have failed to allege sufficient facts to satisfy that pleading requirement, as they fail to specify which defendants allegedly engaged in fraudulent registrations, which copyrights were fraudulently registered, and how the registrations were fraudulent.

With respect to the remaining claims, the Court finds that Counts II and III do not allege possession of valid copyright registrations by each plaintiff, a prerequisite to any infringement claim.

Accordingly, the Court dismisses Counts I-III and VII of the second amended complaint without prejudice. The plaintiffs are granted leave to file a third amended complaint that, at their own discretion, either omits those claims or bolsters them with the minimum allegations that the Court finds missing in their existing pleading.

Dated: March 26, 2025

John J. Tharp, Jr.
United States District Judge