## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Vince Lawrence, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 22-cv-05660 |
| v. | ) | |
| | ) | Dist. Judge John J. Tharp, Jr. |
| Trax Records, Inc., et al., | ) | |
| | ) | Mag. Judge Young B. Kim |
| Defendants. | ) | |

## Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint

**NOW COME** Trax Records, Inc. ("TRI"), Irene Mayzels Barnes a/k/a Sandyee Sherman ("SS"), Rachael Sherman a/k/a Rachael Cain, and Trax Records Ltd. (collectively, "Defendants") by and through their undersigned counsel, and hereby move this Court to dismiss Plaintiffs' Third Amended Complaint ("TAC").

## I.  <u>Legal Standard</u>

Federal rules provide for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 16(b)(6). To satisfy the minimum pleading requirements needed to survive a 12(b)(6) challenge, the complaint must contain factual matter sufficient to state a claim that is plausible on its face. <u>Burke v. 401 N. Wabash Venture, LLC</u>, 714 F.3d 501, 504 (7th Cir. 2013). The court may consider the pleadings alone, including the complaint, the answer, and any documents attached thereto. <u>Mohammed v. WestCare Found., Inc.</u>, 2019 WL 296563 at *2 (N.D. Ill. Jan. 23, 2019). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in a plaintiff's complaint, and draws all reasonable inferences in his favor. <u>Id</u>. Further, although the court must accept well-pleaded factual allegations as true, bald assertions and conclusions of law will not enable a complaint to survive a motion under Rule 12(b)(6). <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-679 (2009).

Federal rules also require that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To meet this requirement, plaintiffs must plead the "who, what, when, where, and how" of the alleged fraud. <u>Camasta v. Jos. A. Bank Clothiers, Inc.</u>, 761 F.3d 732, 737 (7th Cir. 2014). Specifically, the complaint must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." <u>Id</u>. (internal quotations omitted).

## II.  <u>Argument</u>

### a.  **Count I should be dismissed with respect to Sandyee Sherman and Rachel Cain for failure to satisfy the pleading requirements of Rule 9(b).**

To plead a claim for fraud on the Copyright Office, a plaintiff must allege that "the copyright applicant knowingly failed to disclose certain information to the Copyright Office with the intent to defraud that office and that the Copyright Office would have probably denied the

1

application if it had been made aware of the undisclosed information." Lambert v. Pem-Am., Inc., 2004 WL 422636 at *6 (N.D. Ill. Feb. 12, 2004). A claim for fraud on the copyright office must satisfy the heightened pleading requirements of Rule 9(b), which Plaintiffs have failed to do. Heard v. Trax Recs., Inc., 2021 WL 3077668 at *3 (N.D. Ill. July 21, 2021) ("Fraud on the copyright office claims are subject to the heightened pleading requirements of Rule 9(b)."); O.T. Pickell Builders, Inc. v. Witowski, 1998 WL 664949 (N.D. Ill. Sept. 16, 1998) (holding that Federal Rule 9(b) should apply to a claim of fraud on the Copyright Office); Kaseberg v. Conaco, LLC, 360 F. Supp. 3d 1026, 1032 (S.D. Cal. 2018) ("As with all allegations of fraud, claims of fraud on the Copyright Office must be pled with particularity pursuant to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure."); Metropolitan Regional Info. Sys v. Am. Home Realty Network, Inc., 948 F. Supp. 2d 538, 558 (D. Md. 2013) (same).

"Rule 9(b) specifically requires that Plaintiffs do more than merely describe the basic parameters of a fraudulent scheme; instead, Plaintiffs effectively must allege "who, what, when, where, and how." Leaf, Inc. v. Burdeen, 1996 WL 89070 at *6 (N.D. Ill. Feb. 28, 1996). Because fair notice is "[p]erhaps the most basic consideration" underlying Rule 9(b), the plaintiff who pleads fraud must "reasonably notify the defendants of their purported role in the scheme." Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 777-78 (7th Cir. 1994). Therefore, in cases involving multiple Defendants, such as there are here, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." Id.; Balabanos v. North Am. Inv. Group, Ltd., 708 F.Supp. 1488, 1493 (N.D.Ill.1988) (stating that in cases involving multiple defendants "the complaint should inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant").

The allegations of the Third Amended Complaint are insufficient to meet the particularity requirements of Rule 9(b) in regards to SS and RC, and Count I should be dismissed for them.

Critically, the Third Amended Complaint fails to allege any facts to support the inclusion of SS and RC, personally, in the alleged fraud on the Copyright Office, and only alleges that Defendants "Trax Records, Ltd." obtained a copyright registration for the same works that were covered by the Principle Registrations, and that Defendant "Trax Records, Ltd." made the alleged materially false representations and knowingly failed to disclose information with the intent to defraud the Copyright Office. [Dkt. 77 at ¶¶ 69-71, 74-79]. However, the TAC fails to include any information that informs SS of the nature of their alleged participation in the fraud, and only alleges that SS was married to Larry Sherman, and may now own an interest in one of the Defendants, which may or may not be liable. Id. at ¶ 65, 91. Notably, the TAC does not contain any factual allegations that SS was involved in the business operations at Trax Records, Ltd., now, or at the time of the alleged fraud, and fails to include any facts that tie SS to a claim of alleged fraud. Nor does Plaintiff allege any allegations necessary to pierce the corporate veil. Moreover, the TAC fails to include any information that informs RC of the nature of their alleged participation in the fraud and only alleges that RC was signed by Trax Records in 1985, and that RC took over Trax Records in 2006, and may now own an interest in one of the Defendants, which may or may not be liable. Id. at ¶ 60-61, 91. However, the TAC does not contain any factual allegations that RC was involved in the filing or registration of the '602 Registration with the Copyright office, which was registered in 1987[1], and fails to include any facts that tie RC to a claim of alleged fraud. Nor does Plaintiff allege any allegations necessary to pierce the corporate veil. The allegations in the TAC contain no details identifying any role SS or RC allegedly played in the "fraud" merely alluded to in Count I, thus Court I should be dismissed specifically as to SS and RC for this reason. See. Northbound Grp., Inc. v. Norvax, Inc., 2012 WL 394336 at *6 (N.D. Ill. Feb. 6, 2012) ("The complaint does not allege any

---

[1] See, https://publicrecords.copyright.gov/detailed-record/voyager_12835687

role by Leadbot LLC in committing this alleged fraud. Thus, the fraud count cannot be maintained against defendant Leadbot.").

### b. Count I is preempted by the Copyright Act and should be dismissed.

The Copyright Act preempts "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106" and are "in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103." 17 U.S.C. § 301(a). To avoid preemption, a state law must regulate conduct that is "qualitatively distinguishable from that governed by federal copyright law." Toney v. L'Oreal USA, Inc., 406 F.3d 905, 910 (7th Cir. 2005).

As an initial matter, Courts have found that "[f]raud on the Copyright Office is not an independent claim but, rather, an attack on the prima facie validity provided under Section 410(c)." Malibu Media, LLC v. Doe 1, 2013 WL 5603275 at *4 (D. Md. Oct. 10, 2013); Gomba Music, Inc. v. Avant, 62 F. Supp. 3d 632, 642 (E.D. Mich. 2014); Hurst, 2020 WL 3871143 at *7 ("To the extent that Plaintiff intends to assert a claim for 'fraud on the copyright office,' Defendants correctly note that no such claim exists."); Vaad L'Hafotzas Sichos, Inc. v. Krinsky, 133 F. Supp. 3d 527, 537 (E.D.N.Y. 2015) (rejecting party's request for "affirmative relief in the form of cancellation of the registration … [because] there is no precedent supporting the use of a claim for fraud on the Copyright Office as an affirmative cause of action.") (internal citations omitted).

Further, insofar as Count I can be considered a valid claim, the Seventh Circuit has held that a fraud claim is a "disguised copyright infringement claim" if "the sole basis of the fraud claim is that a defendant represented materials as his own." Seng-Tiong Ho v. Taflove, 648 F.3d 489, 502 (7th Cir. 2011). Here, Plaintiffs' fraud claim is based entirely on allegations that Defendants purportedly made false representations to the Copyright Office by "claiming ownership in Plaintiff's compositions and sound recordings." TAC. at ¶ 90. As in Taflove, these allegations amount to

4

nothing more than a claim that Defendants improperly misrepresented the materials as their own, and are preempted by the Copyright Act. Taflove, 648 F.3d at 502-03 (finding that fraud claim was preempted by the Copyright Act where the complaint alleged that defendants "knowingly published material taken from the plaintiffs," "'fraudulently represented' that they were the originators of the work" and "in essence, 'passed off' Plaintiffs' works as their own by using and representing Plaintiffs' copyrighted materials as their own."); Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004) (holding that a claim that "simply seeks a declaration that [the defendant] has no rights in [the work at issue]" is preempted by the Copyright Act); Pebble Creek Homes, LLC v. Upstream Images, LLC, 547 F. Supp. 2d 1214, 1217 (D. Utah 2007) ("it is clear that such preemption applies where a state law claim seeks a 'declaration' that an adverse party "has no rights" in an alleged copyrighted work."); Miller v. Hurst, 2020 WL 3871143 at *7 (M.D. Tenn. July 9, 2020), report and recommendation adopted as modified, 2020 WL 5757907 (M.D. Tenn. Sept. 28, 2020) (finding claim for fraud on the Copyright Office was preempted by the Copyright Act and subject to dismissal with prejudice). It cannot be reasonably disputed that Count I relates to Defendants' alleged claim of ownership in the rights to copy, display, and distribute the copyrighted works. Therefore, since Claim I "seeks to protect rights that are also protected by the Copyright Act, it is subject to preemption and should be dismissed with prejudice." Hurst, 2020 WL 3871143 at *7; Briarpatch Ltd., L.P., 373 F.3d at 306 (holding that a claim that "simply seeks a declaration that [the defendant] has no rights in [the work at issue]" is preempted by the Copyright Act).

    **c. Count I should be dismissed due to the lack of actual case or controversy.**

Additionally, Count I should be dismissed as it fails to allege an "actual case or controversy" related to the claim as required by the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and "Article III's case or controversy requirement." Michigan v. M22 LLC, 2017 WL 1420007, at *2 (W.D. Mich. Apr. 21, 2017), citing, Teva Pharm. USA, Inc. v. Novartis Pharm. Corp., 482 F.3d 1330, 1338 (Fed.

5

Cir. 2007). "In the trial court, of course, a party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy." Cardinal Chem. Co. v. Morton Intern., Inc., 508 U.S. 83, 95 (1993). The Supreme Court explained in MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007), to determine whether a court has jurisdiction over a declaratory judgment claim, " the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (emphasis added).

Here, Plaintiffs have failed to allege facts supporting a finding of an actual case or controversy related to its declaratory judgment claim because Defendants have never asserted its copyrights against Plaintiff. The current case is very similar to Hayden v. 2K Games, Inc., 375 F. Supp. 3d 823 (N.D. Ohio 2019). In Hayden, Plaintiff sought a declaratory judgment that Defendant's copyrights were invalid due to fraud on the copyright office. Id. at 828. Like the current case, the Plaintiff in Hayden argued that he was the author of the original works but that the defendant held itself out as author and owner of those works, and alleged that defendant had benefitted from doing so and that plaintiff had been injured because of defendant's conduct. Id. at 829. The Court ultimately found that such allegations "failed to demonstrate to the Court that there is an actual 'case or controversy' within the meaning of 28 U.S.C. § 2201(a) regarding the ownership of the Registered [works] and Unregistered [works]" because [defendant ha[d] not asserted copyright claims against [plaintiff]" and "ha[d] not alleged that [plaintiff] has in any way threatened [plaintiff] with a lawsuit for infringement or challenged his ownership of the Registered [works] or Unregistered [works]." Id. at 829-30. Accordingly, the Court dismissed plaintiff's claim for declaratory judgment due to the absence of an actual "case or controversy" as required by statute and article III. Id.

6

Similarly, in the current case, the TAC does not allege that Defendants have ever threatened Plaintiffs with a lawsuit for infringement of Defendants' copyrights, but rather, Plaintiff has alleged that Defendants have violated their copyrights. Accordingly, without a definite and concrete dispute between the parties related to Defendants' copyrights, this Court lacks declaratory judgment jurisdiction over Claim I and it should be dismissed. Id.; *See also*, Michigan v. M22 LLC, 2017 WL 1420007 (W.D. Mich. Apr. 21, 2017) (holding that the court "lacks declaratory judgment jurisdiction under both Article III and the Declaratory Judgment Act because an actual controversy does not exist" where plaintiff brought an for declaratory relief and cancellation of certain registered trademarks owned by defendant's because "[plaintiff] does not allege in its complaint, nor has it presented any evidence in its response to this Court's December 20, 2017, Order, that [defendant] has ever threatened to sue [plaintiff] for trademark infringement. Nor does [plaintiff] allege that [defendant] has mentioned, or done anything to indicate, that it believes [plaintiff] is engaging in any conduct that might infringe the Marks.").

### d. Counts II and III should be dismissed because they fail to allege the specifics of Defendants' alleged infringement, impermissibly lump all Defendants together.

To state a claim for direct copyright infringement, Plaintiffs must plead sufficient facts to plausibly suggest "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Peters v. West, 692 F.3d 629, 632 (7th Cir. 2012). As a threshold matter, this Court should dismiss Plaintiffs' copyright claim because Plaintiffs fail to allege the infringement of any specific identified works. "Plaintiff has the burden of identifying the specific works at issue in [the] pleading." Lambertini v. Fain, 2014 WL 4659266 at *3 (E.D.N.Y. Sept. 17, 2014). Courts routinely dismiss claims for copyright infringement that fail to allege that specific works owned by plaintiffs have been infringed by a defendant. *See e.g.,* Flava Works, Inc. v. Clavio, 2012 WL 2459146 (N.D. Ill. June 27, 2012) (dismissing complaint that "merely alleges labels and conclusions, and does

not include operative facts, such as identifying the actual work that is being infringed and the means of its copying and/or distribution," reasoning that the mere allegations that "Defendants downloaded copyrighted videos of Flava Works … and posted and distributed the aforesaid videos on other websites," does not provide sufficient notice); Art of Design, Inc. v. Pontoon Boat, LLC, 2017 WL 3608219 at *4-5 (N.D. Ind. Aug. 22, 2017) (dismissing complaint even though, "Plaintiff here has at least provided the copyright registration numbers for its designs," that did not suffice because "Plaintiff has neither identified an allegedly infringing work produced by Defendants, nor any description of how Defendants' work infringes on its own."); Design Basics, LLC v. WK Olson Architects, Inc., 2018 WL 3629309 at *3 (N.D. Ill. July 31, 2018) ("Plaintiffs must do more than simply allege copying in a conclusory manner; they must provide some facts in their first amended complaint to put [defendant] on notice of the factual basis for that allegation."); Hart v. Amazon.com, Inc., 2015 WL 8489973 at *4 (N.D. Ill. Dec. 8, 2015) (dismissing complaint under Rule 12(c) where "Plaintiff does not allege any factual content in support of his claims or articulate any circumstances whatsoever relating to [Defendant's] direct copying of [the works]. Instead, Plaintiff merely speculates that Amazon must have engaged in direct copyright infringement.").

Here, Plaintiffs conclusively allege that they "are the authors and owners of the copyrights in and to the Plaintiff's Works set forth in Exhibits D through S." [Dkt. 77 at ¶ 106]. The extensive list of Plaintiffs' Works spans 16 exhibits and well over 100 pages, and like Plaintiffs' previous complaint, the TAC has failed to identify an allegedly infringing work produced by Defendants or "any description of which defendants allegedly infringed which works held by which [plaintiffs] [sic]." [Dkt. 70 pg. 7]; *See also*, Cole v. John Wiley & Sons, Inc., 2012 WL 3133520 at *12 (S.D.N.Y. Aug. 1, 2012) (granting motion to dismiss copyright claims when plaintiff provided a chart listing 66 photographs, but failed to identify which photographs were the subject of his copyright infringement claims). As in Cole, Plaintiffs allegations "only contains vague and expansive

allegations regarding which works are the subject of Plaintiff's claims." Id. Plaintiffs only allege labels and conclusions such as "Plaintiffs' Works" and "Infringed Works" and do not include operative facts, such as identifying the actual works on the "comprehensive" list of Plaintiffs' Works that is being infringed by each Defendant. *See,* Flava Works (dismissing complaint that "merely alleges labels and conclusions, and does not include operative facts, such as identifying the actual work that is being infringed"); Bob Daemmrich Photography, Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC, 2017 WL 2544046 at *4 (W.D. Tex. June 12, 2017) ("complaints which identify a number of copyrighted works, but do not specify which works are the subject of the lawsuit have been held insufficient"). In other words, Plaintiffs impermissibly base their infringement claims on overly-inclusive lists of copyrighted works that amount to vague and expansive allegations regarding which works are the subject of Plaintiffs' claims. Plaintiffs' alleged infringement of the works includes over one hundred pages included in their 16 cited exhibits, and these broad and conclusory allegations do not point to the specific copyrighted works that were infringed by each Defendant and are not enough to give Defendants adequate notice of Plaintiffs' copyright infringement claim. Art of Design, Inc., 2017 WL 3608219 at *4-5 (dismissing complaint because "Plaintiff has neither identified an allegedly infringing work produced by Defendants, nor any description of how Defendants' work infringes on its own.").

The allegations in the TAC speak generally of the Defendants as a group but fail to specify exactly what each Defendant did to violate the law. Courts have been quick to reject pleadings in which multiple defendants are "lumped together." *See*, McKee, 604 F. Supp. at 931; Swanson v. Citibank, N.A., 614 F.3d 400, 405 (7th Cir. 2010) ("[W]e must analyze [plaintiff's] allegations defendant-by-defendant."); Appalachian Enterprises, Inc. v. ePayment Sols., Ltd., 2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) ("A plaintiff fails to satisfy rule 8, where the complaint lumps all the defendants together and fails to distinguish their conduct because such allegations fail to give

adequate notice to the defendants as to what they did wrong."); Prestige Admin., Inc. v. U.S. Fidelis, Inc., 2010 WL 1266810 (D. Ariz. Mar. 26, 2010) (dismissing complaint that "simply groups the Defendants together and refers to them collectively" because it does not enable the court to "reasonably to infer that every Defendant is liable for every claimed wrong."); Pro Image Installers, Inc. v. Dillon, 2009 WL 112953, at *2 (N.D. Fla. Jan. 15, 2009) (dismissing complaint for failing to meet "even the minimum pleading standard of Rule 8(a)" because it lumped eight distinct defendants together, did not "distinguish[] the eight defendants from each other," and "implicate[d] all eight defendants acting in concert for [plaintiff's] loss.").

Plaintiffs' allegations lump Defendants together and do not inform each Defendant of the nature of their infringement or what copyrights they purportedly infringed. The TAC does not contain sufficient substantive factual allegations against each Defendant individually, and by lumping all Defendants together, the TAC fails to provide fair notice of the claims against any individual Defendant, or sufficient factual allegations to render it plausible that any individual Defendant committed copyright infringement. As a result, the Complaint fails to comply with Rule 8(a) and should be dismissed. See, FM Indus., Inc. v. Citicorp Credit Servs, Inc., 2007 WL 4335264, at *4 (N.D. Ill. Dec. 5, 2007) (granting motion to dismiss where plaintiff did "not proffer any concrete factual allegations that Brown and Gillard infringed on FMI's copyright"); Art of Design, 2017 WL 3608219 at *5 (dismissing complaint because "Plaintiff has neither identified an allegedly infringing work produced by Defendants, nor any description of how Defendants' work infringes on its own."); Hart, 2015 WL 8489973 at *4 (dismissing complaint under Rule 12(c) where "Plaintiff does not allege any factual content in support of his claims or articulate any circumstances whatsoever relating to [Defendant's] direct copying of [the works].").

This Court has already previously granted Defendants' motion to dismiss Count II from Plaintiff's second amended complaint, with the Court noting that "[w]hat is missing from the

complaint, however, is any description of which defendants allegedly infringed which works held by which [plaintiffs] [sic]." [Dkt. 70 pg. 7]. The Court further noted that in the second amended complaint "plaintiffs also provide insufficient information regarding which defendants infringed their copyrights and how. Nor do they allege that the defendants at all times lacked a legal basis to market and sell any songs, though, for instance, a written or oral assignment or licensing agreement." [Dkt. 70 pg. 7]. Critically, the TAC contains basically the exact same allegations for Plaintiff's copyright claim as those that were included in Count II in the second amended complaint. *Compare* [Dkt. 77 at ¶ 105-117] with [Dkt. 45 at ¶ 92-104]. Moreover, the additional allegations for Count II in the TAC that were not present in the second amended complaint still lump Defendants together and do not inform each Defendant of the nature of their infringement or what copyrights they purportedly infringed. [Dkt. 77 at ¶ 118-124].

Although the TAC's failures to allege the specifics of Defendants' alleged copyright infringement and impermissible general allegations "lumping" Defendants together warrants dismissal of claims II and III, these claims should also be dismissed because Plaintiff's copyright claims were brought prematurely. It is now settled that in order to bring a Copyright infringement action, "a copyright holder must first register his copyright with the U.S. Copyright Office." Richardson v. Kharbouch, 2023 WL 2711480 at *6 (N.D. Ill. Mar. 30, 2023); 17 U.S.C. § 411 (providing that, with one exception not relevant here, "no civil action for infringement of ... copyright ... shall be instituted until ... registration of the copyright claim has been made in accordance with this title"). This requirement "is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 887 (2019). Following, the Supreme Court has held that a copyright infringement suit can only be instituted after the Copyright Office examines and registers the copyright, not merely upon submission of an application for registration. Id. at 892

11

(affirming dismissal of complaint filed prior to affirmatively obtaining copyright registration; holding that "registration" under Section 411 occurs "not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application.").

Despite this clear requirement that asserted copyrights be registered <u>before</u> filing the lawsuit, Plaintiffs improperly initiated the current suit against Defendants prior to securing copyright registrations for many of the asserted works, which violates Supreme Court precedent and the clear mandate of Section 411. The present lawsuit was filed on October 14, 2022, however, nearly all of the copyrights asserted in Exhibits D through S of the TAC were not registered on October 14, 2022, and Plaintiffs' copyright registration exhibits show that applications for many of the asserted Copyrights were not even filed until 2025. *See* [Exhibit E, Dkt. 77-5, pgs. 6-23, filed in 2025]; [Exhibit F, Dkt. 77-6, pgs. 4-15, filed in 2025]; [Exhibit G, Dkt. 77-7, pgs. 2-6, filed in 2025]; [Exhibit H, Dkt. 77-8, pgs. 9-10, filed in 2025]; [Exhibit I, Dkt. 77-9, pgs. 2-7, filed in 2025]; [Exhibit P, Dkt. 77-16, pgs. 2-3, filed in 2025]; [Exhibit R, Dkt. 77-18, pgs. 2-5, filed in 2025]; [Exhibit S, Dkt. 77-19, pgs. 2-3, filed in 2025]. Accordingly, because Plaintiffs did not have a valid copyright registration in the works identified as being filed in 2025 at the time the lawsuit was initiated, their Copyright claims based on these works lacks a valid legal basis and Plaintiff's copyright claims related to these works should be dismissed under Rule 12(b)(6). <u>Fourth Est. Pub. Benefit Corp.</u>, 139 S. Ct. at 892 (affirming dismissal of complaint filed prior to affirmatively obtaining copyright registration); <u>Blue Book Servs., Inc. v. Farm J., Inc.</u>, 435 F. Supp. 3d 912, 919-20 (N.D. Ill. 2020) (dismissing copyright claim under Rule 12(b)(6) where asserted copyright was not registered prior to filing suit); <u>Ambrosetti v. Oregon Cath. Press</u>, 458 F. Supp. 3d 1013, 1020 (N.D. Ind. 2020) (same); <u>Deetsch v. Lei</u>, 2023 WL 6373073 at *9 (S.D. Cal. July 21, 2023). Moreover, Plaintiff cannot now amend the complaint after registration to cure the defect of filing the current lawsuit prior to securing a registered copyright in these certain works. *See*, <u>Roblox Corp. v. WowWee Grp. Ltd.</u>,

2023 WL 2433970 (N.D. Cal. Mar. 9, 2023) ("the Court agrees with other courts in this district that permitting plaintiffs to cure their failure to register the copyright before suing would undermine Fourth Estate."); Fisher v. Nissel, 2022 WL 16961479, at *6 (C.D. Cal. Aug. 15, 2022) (dismissing copyright claim without leave to amend); Rawls v. Paradise Artists, Inc., 2020 WL 1493610, at *7 (M.D. Tenn. Mar. 27, 2020) ("[T]he Court therefore opts for compliance with *Fourth Estate*, and because Plaintiff initiated this action without satisfying 17 U.S.C. § 411(a) as to all subject works, concludes the action cannot proceed. Dismissal of the third amended complaint without prejudice is the appropriate outcome."); Malibu Media, LLC v. Doe, 2019 WL 1454317 at *1 (S.D.N.Y. Apr. 2, 2019) ("The Court holds that such a prematurely filed suit must be dismissed notwithstanding a plaintiff's post-registration amendment."); Brown v. New Era Cap Co., Inc., 2020 WL 6153010 at *3 (W.D. Tex. Mar. 25, 2020) (dismissing copyright claim without prejudice for failure to obtain a copyright registration prior to filing suit). Accordingly, Counts II and III should be dismissed.

e. **Count IV should be dismissed because Plaintiffs' claims for fraud on the Trademark Office were brought outside of the statute of limitations period.**

Here, Count IV is based on fraud and fraudulent misrepresentations, which has a statute of limitation period of five years. *See* Gillespie Cmty. Unit Sch. Dist. No. 7, Macoupin Cty. v. Wight & Co., 378 Ill. Dec. 438, 439 (Ill. 2014) (applying five-year limitation period to fraudulent misrepresentation claim); Memorylink Corp. v. Motorola, Inc., 2009 WL 464338, at *4 (N.D. Ill. Feb. 23, 2009) ("In Illinois, the statute of limitations for fraud claims is five years."). A claim for fraud accrues when "the wrong was committed, or the time when the fraud was discovered or could have been discovered through due diligence." Motorola, Inc., 2009 WL 464338, at *4. Here, the TAC alleges that Cain filed applications with the United States Patent and Trademark Office and received registrations on the principal register for the Trax Marks that are alleged to have been fraudulently obtained in 2008. [Dkt. 77 at ¶ 45]. Critically, registration of a mark on the principal

register constitutes constructive notice of the registrant's claim of ownership thereof. 15 U.S.C. § 1072; Flagstar Bank, FSB v. Freestar Bank, N.A., 687 F. Supp. 2d 811, 829 (C.D. Ill. 2009) ("registrations are constructive notice to any subsequent registrant of Flagstar's prior rights and registrations of its marks under 15 U.S.C. § 1072."). Accordingly, Plaintiffs had constructive notice of Cain's ownership and use of the mark since 2008, the time the Trax Marks were registered. The Seventh Circuit has noted that "Constructive notice" means "no actual knowledge, but the ability to acquire knowledge by reasonably diligent inquiry." Eckstein v. Balcor Film Invs., 58 F.3d 1162, 1168 (7th Cir. 1995). Accordingly, Plaintiffs fraud claim accrued in 2008, when Cain obtained federal registrations for the Trax Marks, because the registrations constitute constructive notice and the marks could have been discovered through due diligence. Motorola, Inc., 2009 WL 464338, at *4 (A claim for fraud accrues when "the wrong was committed, or the time when the fraud was discovered or could have been discovered through due diligence."); Whirlpool Fin. Corp. v. GN Holdings, Inc., 67 F.3d 605, 609 (7th Cir. 1995) ("A reasonable investor is presumed to have information available in the public domain, and therefore Whirlpool is imputed with constructive knowledge of this information."). Because Plaintiffs' claim for fraud accrued in 2008, they are barred from bringing it in the current suit since the suit was brought outside the five year statute of limitations period. Accordingly, Count IV should be dismissed.

**f. Count V should be dismissed because it was brought outside the statute of limitations period.**

The Lanham Act does not provide a specific statute of limitations, but instead incorporates the analogous state statute of limitations. Champion Lab'ys, Inc. v. Cent. Illinois Mfg. Co., 157 F. Supp. 3d 759, 764 (N.D. Ill. 2016). In Illinois, the analogous state statute for claims under the Lanham Act is the Illinois Consumer Fraud and Deceptive Business Practices Act, which has a three-year statute of limitations. Id.; Clever Ideas, Inc. v. Citicorp Diners Club, Inc., 2003 WL

21982141 at *13 (N.D. Ill. Aug. 20, 2003) ("That [three-year] statute of limitations is thus applicable to Clever Ideas' trademark and unfair competition claims."). Critically, as discussed *supra* in section (e), Plaintiffs had constructive knowledge of Defendant Cain's ownership in the Trax Marks that are alleged to be infringing in 2008. Accordingly, since Plaintiffs' claim for trademark infringement accrued in 2008, they are barred from bringing it in the current suit since the suit was brought outside the three-year statute of limitations period. Accordingly, Count V should be dismissed.

> **g. Count VI should be dismissed because it is not a stand-alone cause of action but rather a form of relief.**

Here, Count VI, which seeks injunctive relief pursuant to 15 U.S.C. § 1119 of the Lanham Act should be dismissed because it is not a stand alone cause of action. As noted in this Court's Order on Defendants' previous motion to dismiss, [Dkt. 70], injunctive relief "is not a stand-alone cause of action but rather a form of relief, thus it was omitted from the Rule 12(b)(6) analysis. [Dkt. 70 pg. 1]. Despite this Court's previous order making it clear that injunctive relief pursuant to 15 U.S.C. § 1119 is not a cause of action, Plaintiffs have once again improperly asserted a claim for it in the TAC, using the exact same language as was included in the Second Amended Complaint. Count VI was not a cause of action then and it is not a cause of action now, accordingly, this Court should dismiss count VI.

## III. Conclusion

For the foregoing reasons, the TAC should be dismissed entirely and, given the Plaintiffs' repeated failures to meet pleading requirements and/or their claims being barred, with prejudice.

Dated  July 14, 2025

Respectfully submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
Brian Swift
AU LLC
444 W. Lake St. 17th Floor

Chicago, IL 60606
admau@au-llc.com
brians@au-llc.com
Ph. (312) 715-7312

Mark A. Bulgarelli
Ilan Chorowsky
PROGRESSIVE LAW GROUP LLC
1570 Oak Avenue, Suite 103
Evanston, IL 60201
markb@progressivelaw.com
ilan@progressivelaw.com
(312) 787-2717